# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN (DETROIT)

| | |
|---|---|
| SOTERO MONTELLANO LOPEZ III,<br>        Plaintiff,<br>  vs. | CASE NO. 2:25-cv-12733 |
| EXPERIAN INFORMATION<br>SOLUTIONS, INC.;<br>TRANSUNION LLC; and<br>EQUIFAX INFORAMTION<br>SERVICES LLC;<br>        Defendants. | Judge<br>Magistrate Judge |

## TRANS UNION LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Trans Union LLC ("Trans Union") hereby removes the subject action from the Circuit Court of Wayne County, Michigan, to the United States District Court for the Eastern District of Michigan, on the following grounds:

1.      Plaintiff Sotero Montellano Lopez III served Trans Union on or about August 11, 2025, with a Summons and Complaint filed in the Circuit Court of Wayne County, Michigan.  Copies of the Summons, Complaint, and Proof of Service are attached hereto as **Exhibit A**, **Exhibit B**, and **Exhibit C**.  No other process, pleadings or orders have been served on Trans Union.

2.      Plaintiff makes claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"), alleges that Trans Union violated the FCRA, and alleges that Trans Union is liable under the FCRA.  See Complaint generally.

3.      This Court has original jurisdiction over the subject action pursuant to 28 U.S.C. § 1331 since there is a federal question.  As alleged, this suit falls within the FCRA which thus supplies this federal question.

4.      Pursuant to 28 U.S.C. § 1441, et seq., this cause may be removed from the Circuit Court of Wayne County, Michigan, to the United States District Court for the Eastern District of Michigan.

5.      As of the date of this Notice Of Removal, Defendant Experian Information Solutions, Inc. ("Experian") has been served.  Counsel for Trans Union has contacted counsel for Experian has consented to this removal as evidenced by the consents attached hereto as **Exhibit D**.  To the best of Trans Union's knowledge, no other named Defendant in this matter has been served as of the date and time of this Notice of Removal.

6.      Notice of this removal will promptly be filed with the Circuit Court of Wayne County, Michigan and served upon all adverse parties.

WHEREFORE, Defendant Trans Union LLC, by counsel, removes the subject action from the Circuit Court of Wayne County, Indiana to this United States District Court, Eastern District of Michigan.

Respectfully submitted,


/s/ William M. Huse
William M. Huse, Esq. (IN #31622-49)
Myra D. Feagin, Esq. (#P84446)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 603 & 607
Fax: (317) 899-9348
E-Mail:  whuse@qslwm.com
E-Mail: mfeagin@qslwm.com

*Lead Counsel for Defendant Trans Union
LLC*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN (DETROIT)

SOTERO MONTELLANO LOPEZ III,     CASE NO. 2:25-cv-12733
       Plaintiff,
   vs.

EXPERIAN INFORMATION     Judge
SOLUTIONS, INC.;      Magistrate Judge
TRANSUNION LLC; and
EQUIFAX INFORAMTION
SERVICES LLC;
       Defendants.

## CERTIFICATE OF SERVICE

    I, **William M. Huse**, hereby certify that on the **29th day of August, 2025**, I electronically filed the foregoing with the Clerk of the Court using the ECF systems which will automatically send notification of such filing to the following counsel of record:

| None. | |
|-------|--|

    I further certify that on the **29th day of August, 2025**, a copy of the foregoing was sent via U.S., First Class Mail, postage prepaid to the following non-ECF participants:

| **Pro Se Plaintiff** | |
|----------------------|--|
| Sotero Montellano Lopez III | |
| P.O. Box 40261 | |
| Redford Charter Township, MI 48240 | |

*/s/ William M. Huse*
William M. Huse, Esq. (IN #31622-49)
Myra D. Feagin, Esq. (#P84446)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 603 & 607
Fax: (317) 899-9348
E-Mail:  whuse@qslwm.com
E-Mail: mfeagin@qslwm.com

*Lead Counsel for Defendant Trans Union
LLC*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN (DETROIT)

---

SOTERO MONTELLANO LOPEZ III,  CASE NO. 2:25-cv-12733
   Plaintiff,
  vs.

EXPERIAN INFORMATION   Judge
SOLUTIONS, INC.;     Magistrate Judge
TRANSUNION LLC; and
EQUIFAX INFORAMTION
SERVICES LLC;
   Defendants.

---

## INDEX OF EXHIBITS

---

| **EXHIBIT** | **DESCRIPTION** |
|---|---|
| A | Summons |
| B | Complaint |
| C | Proof of Service for Trans Union LLC |
| D | Experian Information Solution, Inc.'s Consent To Removal |

# EXHIBIT A

Summons to Trans Union LLC

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>25-011815-CZ<br>Hon. Annette J. Berry |
|---|---|---|

Court telephone no.: 313-224-4679

| Plaintiff's name(s), address(es), and telephone no(s)<br>Lopez III, Sotero Montellano | v | Defendant's name(s), address(es), and telephone no(s).<br>TRANSUNION, LLC. |
|---|---|---|
| **Plaintiff's attorney, bar no., address, and telephone no**<br>Sotero Montellano Lopez III<br>P.O. Box 40261<br>Redford Twp, MI 48240 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☑ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☒ this court, ☐ _____ Court, where it was given case number 25-008225-CZ and assigned to Judge Annette J. Berry.

The action ☐ remains ☒ is no longer pending.

Summons section completed by court clerk. | **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>8/1/2025 | Expiration date*<br>10/31/2025 | Court clerk<br>Carla Keefe |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01 (3/23)**      **SUMMONS**      MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service you must return this original and all copies to the court clerk.

| CERTIFICATE OF SERVICE / NONSERVICE |
| --- |

☑ I served ☐ personally ☑ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name Sotero M. Lopez III | Date and time of service 18/05/2025 |
| --- | --- |

Place or address of service  USPS 12245 Beech Daly, Redford Twp, MI, 48239

Attachments (if any)  Summons + Complaint

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature By: Sotero M. Lopez III |
| --- | --- | --- | --- | --- |
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

| ACKNOWLEDGMENT OF SERVICE |
| --- |

I acknowledge that I have received service of the summons and complaint, together with

_____ on _____
Attachments (if any)                                                                          Date and time

_____ on behalf of _____.

Signature
_____

# EXHIBIT B

Complaint

# IN THE THIRD JUDICIAL CIRCUIT COURT

## FOR THE COUNTY OF WAYNE, STATE OF MICHIGAN

## CIVIL DIVISION

**SOTERO MONTELLANO LOPEZ III,**
Plaintiff,
v.
**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**TRANSUNION LLC, and**
**EQUIFAX INFORMATION SERVICES LLC,**
Defendants.

Case No.: _____
Hon. _____
Case Type: CZ (General Civil)
Related Cases: 25-008225-CZ (Wayne Co.); Recorded Lien (May 6, 2025)

---

## VERIFIED COMPLAINT

### FOR DAMAGES, EQUITABLE RELIEF, AND ENFORCEMENT OF COMMERCIAL LIEN

(Pursuant to MCL 440.1101 et seq.; 15 U.S.C. § 1681 et seq.; MCR 2.605; UCC Articles 1, 3, 8, and 9)

---

## I. INTRODUCTION

1. Plaintiff, **Sotero Montellano Lopez III**, sui juris, is a living man and American National domiciled in Redford Charter Township, Wayne County, Michigan, acting in his capacity as **Secured Party Creditor, Executor, and Beneficiary** of the Succor International Ecclesiastical Foreign Non-Grantor Trust and the Sotero Montellano Lopez III Irrevocable Living Trust.

2. Defendants—**Experian Information Solutions, Inc.**, **TransUnion LLC**, and **Equifax Information Services LLC**—are national credit reporting agencies that conduct business throughout Michigan and the United States, monetizing and disseminating

private consumer data.

3. **This action arises from Defendants' willful, deliberate, and continued failure to respond to Plaintiff's properly executed and certified Notice of Lien Filing and Demand for Forensic Audit**, which was lawfully **mailed on May 6, 2025**, to **Experian Information Solutions, Inc.**, and delivered more than **thirty (30) days prior** to the filing of this action. Said notice constituted a formal **commercial presentment, fiduciary demand**, and **statutory dispute**, supported by trust-backed documentation, lien perfection instruments, affidavits of obligation, and legal authority under federal, state, and Uniform Commercial Code provisions. Despite being presented with verified evidence and lawful instructions to conduct a full **forensic audit**, remove derogatory and sealed entries, and disclose all vendors or affiliates engaged in the unauthorized monetization of Plaintiff's identity, trust-based identifiers, and estate-linked financial data, **Defendants failed to respond, investigate, cure, or initiate any meaningful corrective action**. This inaction constitutes a violation of Plaintiff's rights under the **Fair Credit Reporting Act (15 U.S.C. §§ 1681i and 1681s-2(b))**, the **Uniform Commercial Code (Articles 1, 3, and 9)**, and multiple sections of **Michigan commercial and constitutional law**, as well as fiduciary obligations arising from Defendants' roles as data custodians and commercial beneficiaries of Plaintiff's information.

By refusing to acknowledge or cure the certified demand and lien notice, **Defendants are now in willful commercial dishonor, fiduciary breach, and administrative default**, giving rise to the lawful activation of Plaintiff's perfected liens and the invocation of judicial enforcement under the law of secured transactions, equity, and private trust protection.

4. **Plaintiff hereby affirms that formal complaints have been submitted to the Consumer Financial Protection Bureau (CFPB) against both Experian, TransUnion and Equifax, demanding full forensic audits, disclosures of third-party vendor relationships, and investigation into any financial instruments, profits, or securitized accounts created using Plaintiff's identity, trust-based legal name, or secured estate.** These complaints mirror the forensic audit and lien enforcement demands made in the instant petition, seeking to determine whether either Defendant—or their affiliates, brokers, or underwriters—have monetized Plaintiff's identity or trust-based assets without consent, contract, or compensation. In support of full due process and transparency, **Plaintiff intends to mail a Notice of Lien and Forensic Audit Demand Cover Letter, along with a copy of this Verified Petition, to TransUnion and Equifax once the case number and summons are issued**, thereby placing them on formal judicial notice and allowing them an opportunity to engage in **pre-litigation settlement negotiations** should they wish to resolve the matter without prolonged court proceedings.

However, with respect to **Experian**, who was already served with prior **certified mail, email correspondence**, and a full set of instruments including lien documentation and

2

affidavits, **Defendant has failed to cure the commercial dishonor, initiate a forensic accounting, or disclose any vendor monetization of Plaintiff's estate**. Experian's continued refusal to provide lawful response, correction, or audit constitutes willful default under both the **Fair Credit Reporting Act (15 U.S.C. § 1681i and § 1681s-2(b))** and **UCC Articles 3 and 9**, thereby **activating the perfected commercial lien** in the amount of **One Hundred Billion Dollars ($100,000,000,000.00)**, which is now subject to **judicial enforcement and equitable recovery** under Michigan law, commercial code, and fiduciary principles. Plaintiff reserves all rights to pursue full damages, enforcement, and equitable relief as outlined in this Petition, while extending an opportunity for TransUnion and Equifax to settle or comply voluntarily before summons and formal trial proceedings commence.

---

## II. JURISDICTION AND VENUE

5. **Jurisdiction is proper in this Court pursuant to MCL 600.605, which grants Michigan circuit courts original jurisdiction over all civil claims and remedies not otherwise exclusively assigned to another court, including actions sounding in tort, contract, trust enforcement, commercial lien enforcement, and constitutional violations.** Additionally, jurisdiction is firmly grounded in **Article I § 17 of the Michigan Constitution**, which guarantees that "[n]o person shall be... deprived of life, liberty or property, without due process of law," and that "fair treatment... shall be a right." This provision safeguards not merely statutory claims, but also **fundamental rights recognized by natural law, the customs of the people, and the enduring moral traditions of this land.Plaintiff stands not merely as an injured party under commercial law, but as a living heir to ancestral rights, unalienable dignity, and sacred inheritance**, demanding remedy in the jurisdiction where harm occurred and redress is both lawful and just. The people of Michigan—both native-born and those whose ancestors arrived under struggle and covenant—have long relied upon this Court's solemn duty to uphold **justice, equity, and restitution** when private rights are trampled, trust is violated, or property is wrongfully taken without cause or contract. The invocation of this Court's jurisdiction is not merely procedural; it is a **spiritual summons to restore what has been dishonored**, to protect what has been entrusted, and to honor the ancestral will that every man, woman, and trust estate be secure in their identity, estate, and rightful dealings.

This action falls squarely within the equitable and legal powers conferred upon this Court, not only under Michigan statute but under **natural law, the public trust doctrine, and the universal maxim that where there is a wrong, there must be a remedy**. As such, Plaintiff invokes this Court's full jurisdiction—**in law, equity, and conscience**—to hear and resolve this controversy, enforce all applicable rights, and restore balance to that which has been unlawfully disturbed.

6. **Venue is proper in the Circuit Court for Wayne County, Michigan, pursuant to MCL 600.1621(a), which provides that a civil action founded on tort, contract, or statutory violation may be brought in the county where the original injury occurred, where the defendant transacts business, or where the plaintiff resides.** In this matter, the underlying acts of injury—including unlawful credit reporting activity, the unauthorized aggregation and monetization of Plaintiff's private data, and the commercial misuse of trust-based identifiers—occurred within the territorial bounds of Wayne County. These actions directly caused measurable **financial, reputational, administrative, and commercial harm** to Plaintiff in this jurisdiction, where Plaintiff lawfully resides, conducts his personal and fiduciary affairs, and maintains ongoing trust administration.

Moreover, **Plaintiff holds two recorded Certificates of Trust filed with the Wayne County Register of Deeds**, confirming his legal status as **Trustee, Executor, and Secured Party Creditor** over the **Sotero Montellano Lopez III Irrevocable Private Equity Trust** and the **Succor International Ecclesiastical Foreign Non-Grantor Trust**, both of which are domiciled for legal and administrative purposes within Wayne County. These properly recorded trust instruments affirm Plaintiff's lawful capacity to **issue negotiable instruments**, perfect commercial liens, and demand remedy through trust-backed lawful tender under **UCC Articles 3 and 9**, further establishing jurisdiction in this venue for purposes of enforcement, equity, and redress.

In addition, Plaintiff's Notices of Lien, Affidavits of Obligation, Verified Demands, and administrative presentments were all mailed, executed, recorded, or received within Wayne County, reinforcing both **territorial nexus and transactional jurisdiction** under law. The Defendants—each of whom conducts business within the State of Michigan—have caused harm within Wayne County through the continued reporting and monetization of Plaintiff's credit file and estate-linked data. Accordingly, venue in this Court is not only proper, but necessary to fulfill the constitutional guarantee of due process and full access to remedy under **Article I § 17 of the Michigan Constitution**. This Court possesses both **territorial and subject matter jurisdiction** to adjudicate this matter in full, including all causes of action arising under federal, state, commercial, trust, and natural law

The Defendants also conduct regular, systematic, and revenue-generating business activities in Michigan, including consumer data collection, credit analysis, and reporting functions that directly **affect residents of Wayne County, including Plaintiff**. Furthermore, the consequences of Defendants' unlawful acts—including denial of credit, commercial dishonor, identity injury, and obstruction of lawful trust operations—have impacted Plaintiff's ability to transact, contract, and build capital in Wayne County. Accordingly, this forum bears the most direct factual and equitable connection to the underlying dispute and is the most appropriate venue for resolution. **Venue** here also upholds Plaintiff's right to **access** justice and **remedy** under **Article I § 17 of the Michigan Constitution**, which guarantees due process and the right to a fair tribunal **in the location of one's harm, domicile, and claim of right.** Therefore, this Court

4

possesses **both territorial and subject matter** jurisdiction to hear and **adjudicate this matter in full.**

## III. FACTUAL ALLEGATIONS

7. **On May 6, 2025, Plaintiff lawfully issued and mailed a Final Notice of Lien Filing and Forensic Audit Demand directly to Defendant Experian Information Solutions, Inc. via Certified Mail with return receipt requested, thereby ensuring verifiable delivery and public notice.** This Notice constituted a formal **commercial presentment, fiduciary demand, and administrative opportunity to cure,** pursuant to controlling provisions of **state, federal, international, and natural law,** including the Uniform Commercial Code, the Fair Credit Reporting Act, and international treaty principles governing identity, trust, and equitable remedy.

   **In parallel, identical forensic audit demands and lien notice language were formally submitted against TransUnion LLC and Equifax Information Services LLC via complaints filed with the Consumer Financial Protection Bureau (CFPB), which served to notify those Defendants of the same allegations, demands, and expectations for audit, correction, and restitution on behalf of Plaintiff.** The CFPB filings included references to the same underlying statutes, harms, and monetary claims asserted against Experian.

   The Notice identified multiple, ongoing violations by each Defendant and cited the specific authorities under which **Plaintiff's claims, liens, and enforcement rights have been lawfully perfected and activated**—including but not limited to **UCC Articles 1, 3, 8, and 9,** 15 U.S.C. § 1681s-2(b), 31 CFR Part 225, and **Articles 6, 8, and 17 of the Universal Declaration of Human Rights,** as well as **Article I §§ 1, 10, and 17 of the Michigan Constitution. Defendants were afforded an opportunity to cure, respond, or settle,** and their failure to do so has resulted in **commercial dishonor, fiduciary breach, and enforcement of perfected liens** as detailed throughout this Verified Complaint.

   Together, these statutes form a **comprehensive legal foundation** for Plaintiff's perfected lien in the amount of **one hundred billion $100,000,000,000.00 dollars per Defendant,** and demand for full forensic audit, vendor disclosure, removal of derogatory data, and trust-based restitution. Defendants were afforded, and failed to act within, a period **exceeding thirty (30) business days** to respond, investigate, or cure the violations lawfully presented; such inaction constitutes **commercial dishonor, fiduciary default, and tacit acquiescence to all claims, liens, and demands stated.** This failure lawfully triggers Plaintiff's full enforcement rights under commercial law, trust law, and equitable jurisdiction, including but not limited to lien execution, data remedy, and restitution.

8. Each Defendant has failed to respond, investigate, or cure the violations presented by Plaintiff within the required timeframes, including the **10-business-day administrative**

cure window set forth in Plaintiff's certified notices and affidavits of obligation, and the 30-day statutory reinvestigation period mandated under 15 U.S.C. § 1681i(a)(1)(A) of the Fair Credit Reporting Act (FCRA). Despite being served with formal written disputes, supported by documentary evidence, court confirmations, trust records, and lien instruments, none of the Defendants provided a substantive response, initiated a reinvestigation, or issued written confirmation of any action taken to cure the violations.

9. Under 15 U.S.C. § 1681i(a)(1)(A)–(C), a consumer reporting agency is legally required to conduct a good-faith reinvestigation of any information disputed by a consumer, determine its accuracy and completeness, and delete or modify any unverifiable or incorrect information within 30 calendar days (or 45 days if additional documentation is provided). Plaintiff tendered sufficient evidence—including the sealed status of the reported bankruptcy record, proof of trust ownership of the identifying information, and demand for vendor disclosure—yet no meaningful action was taken by any Defendant to comply with this duty.

10. Furthermore, the 10-business-day deadline specified in Plaintiff's commercial notices, in accordance with commercial law and UCC § 3-501(b)(2), was ignored in its entirety. Under commercial maxims and secured party procedures, silence beyond this period constitutes tacit acquiescence, commercial dishonor, and default, giving rise to enforcement rights including lien activation, claim of right, and collateral seizure.

11. This failure to timely investigate or cure also reflects a broader pattern of willful neglect, bad faith, and systemic noncompliance with both federal consumer protection law and fiduciary obligations owed to private trust estates. As such, Defendants have not only forfeited their procedural rights to dispute or delay remedy, but have triggered Plaintiff's lawful standing to proceed with full enforcement, injunctive relief, and damages under 15 U.S.C. § 1681n and § 1681o, as well as natural law principles of remedy, equity, and accountability.

12. Defendants are continuing to publish, disseminate, and profit from the unauthorized reporting of sealed, inaccurate, or otherwise unverifiable financial data, including but not limited to false bankruptcy entries, derogatory tradelines, and monetized financial scoring profiles—despite having received certified notice from Plaintiff identifying multiple legal, procedural, and fiduciary violations.

13. Specifically, Defendants were informed through verified filings, affidavits, and administrative presentment that: (1) the bankruptcy record associated with Plaintiff was explicitly designated as non-public and not subject to consumer reporting, pursuant to official confirmation by the U.S. Bankruptcy Court for the Eastern District of Michigan; (2) the use of Plaintiff's private trust-based identifiers, including his legal name in all capitalized form, trust estate information, social security number, and other secured party instruments, constitutes unauthorized use of private property, in violation of fiduciary principles, trust law, and statutory limits under both the Fair Credit Reporting Act and Uniform Commercial Code; and (3) multiple lawful demands were issued requiring Defendants to disclose the names, roles, and compensation arrangements of all vendors, data brokers, and third-party affiliates who accessed, sold, or profited from Plaintiff's credit, trust, and personal data.

14. Despite this notice, many Consumer Financial Protection Bureau complaints, Defendants have **refused to correct the record, failed to suppress false or sealed information**, and have not fulfilled their statutory duty under **15 U.S.C. § 1681i** or **§ 1681s-2(b)** to investigate and update inaccurate records. Worse still, Defendants continue to **profit commercially** from the aggregation, scoring, and unauthorized transmission of Plaintiff's private data to financial institutions, insurers, data exchanges, and potentially unknown international repositories, all without consent, contract, or accountability.

15. This pattern of continued reporting and silence in the face of verified presentment rises to the level of **willful noncompliance, commercial dishonor, and bad faith**, and reflects a **deliberate refusal to uphold fiduciary and lawful obligations**. It also violates **fundamental principles of natural justice**, as recognized under **Article 8 and 17 of the Universal Declaration of Human Rights**, and constitutes **unjust enrichment and constructive fraud** under both **common law** and the **law of equity**. Plaintiff seeks full redress, enforcement, and judicial declaration recognizing this ongoing injury and abuse of process.

16. **As of the date of this filing, Plaintiff has not received any written response, certified acknowledgment, audit report, explanation of investigation procedures, or confirmation of tradeline correction, lien recognition, or data removal from any Defendant.** Despite being provided with **formal Notices of Lien Filing**, **Affidavits of Obligation**, **detailed forensic audit demands**, and **certified disputes with supporting evidence**, Defendants have failed to issue even a **basic written communication acknowledging receipt**, much less any lawful rebuttal, resolution, or compliance action.

17. The continued publication of a sealed bankruptcy record—explicitly designated as non-public by the U.S. Bankruptcy Court—**violates Plaintiff's right to privacy, due process, and religious freedom**. The act of publicizing such a record for commercial scoring, without consent or lawful basis, is not only a breach of statutory duty under the **FCRA**, but also a **spiritual trespass** against Plaintiff's covenantal life path, conscience-based trust jurisdiction, and religious right to privacy, redemption, and restoration. It reflects a **reckless indifference** to Plaintiff's dignity, faith, and the rule of law.

18. This persistent silence and failure to reply constitutes not only an **administrative failure** under federal consumer protection law—including **15 U.S.C. § 1681i(a)(6)** (which requires a written summary of reinvestigation results to be sent to the consumer)—but also triggers **tacit acquiescence** and **commercial default** under **UCC § 3-501(b)(2)** and **UCC § 1-201(4)**, where silence after lawful notice constitutes agreement by inaction. Defendants' refusal to confirm whether any third-party vendor was contacted, whether any audit was initiated, or whether Plaintiff's lien and trust-backed dispute package was reviewed reflects an **intentional abandonment of due process**, and a **failure to act in good faith as fiduciaries entrusted with monetized consumer data**.

19. The absence of any written reply also undermines the Defendants' ability to raise future objections or claim a reasonable basis for continued negative reporting, as their **inaction stands as commercial dishonor and breach of duty**, particularly where trust-based

instruments and public lien notices are involved. Such conduct further demonstrates a **reckless disregard for Plaintiff's statutory rights, property interests, and equitable claims**, resulting in ongoing damage to credit standing, trust operations, and Plaintiff's right to contract and engage in commerce without injury or reputational harm.

---

## IV. CAUSES OF ACTION

### Count I – Violation of the Fair Credit Reporting Act (15 U.S.C. § 1681i, § 1681s-2(b))

11. **Defendants failed to conduct a lawful, timely, or reasonable reinvestigation of Plaintiff's formally submitted disputes**, as required by **15 U.S.C. § 1681i(a)(1)(A)** of the Fair Credit Reporting Act (FCRA). Despite receiving certified written notice identifying multiple inaccuracies—including the presence of **sealed or non-public bankruptcy entries**, **derogatory tradelines**, and **data not verifiable by primary source court records**—Defendants did not initiate a substantive inquiry, did not contact relevant furnishers, and did not provide evidence of any procedures taken to verify or correct the disputed information.

12. The failure to reinvestigate also constitutes a breach of their duty under **§ 1681s-2(b)(1)(A)-(E)**, which mandates consumer reporting agencies to conduct a full and meaningful examination of disputed data, to delete or modify information that cannot be verified, and to report results of such investigation back to the consumer within thirty (30) days. In this case, **Defendants either ignored Plaintiff's presentments or issued form-letter responses that failed to address the specific evidence, court orders, and trust documents provided**—including notices that the Eastern District of Michigan Bankruptcy Court **confirmed that the referenced bankruptcy was not public record** and should not have been reported.

13. This failure to investigate was not merely negligent—it was **systemic, willful, and executed with reckless disregard** for Plaintiff's rights and the integrity of Plaintiff's credit file. As a result, **false and misleading information remains published, monetized, and distributed across third-party platforms**, causing continued harm to Plaintiff's financial standing, trust operations, commercial reputation, and access to lawful credit and opportunity.

14. Plaintiff therefore asserts that **Defendants are in violation of multiple provisions of the FCRA** and are subject to **civil liability under 15 U.S.C. § 1681n** (for willful noncompliance) and **§ 1681o** (for negligent noncompliance), including **actual damages, statutory damages, punitive damages, attorney's fees, and injunctive relief** as appropriate under the law.

15. **Defendants remain in willful and ongoing noncompliance with the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.**, despite having received certified disputes, notices of error, and lawful demands from Plaintiff. Specifically, Defendants have violated their statutory obligations under **15 U.S.C. § 1681i(a)**, which requires

timely and reasonable reinvestigation of disputed credit information, and **§ 1681e(b)**, which mandates the maintenance of reasonable procedures to assure maximum possible accuracy in consumer reporting.

16. By failing to correct, verify, or remove inaccurate, sealed, or unverifiable information—particularly with respect to bankruptcy reporting, derogatory tradelines, and identity-linked data—Defendants have not only disregarded federal mandates, but have done so **knowingly and with reckless disregard for the consequences**, constituting **willful noncompliance** under **15 U.S.C. § 1681n**, which entitles the Plaintiff to statutory and punitive damages.

17. As a direct and proximate result of Defendants' misconduct, **Plaintiff has suffered measurable financial harm**, including denial of credit, inflated interest rates, and commercial obstruction in lawful estate administration. **Plaintiff's professional opportunities have been hindered**, as creditworthiness remains a de facto background check in many hiring and licensing decisions. Moreover, **Defendants' actions have inflicted reputational damage**, causing undue stigma and economic instability, and impeding Plaintiff's ability to secure housing, launch private fiduciary operations, or engage in lawful trust-based transactions.

18. This ongoing harm is compounded by Defendants' failure to disclose vendors, trace monetized data use, or recognize the Plaintiff's lawful status as a Secured Party Creditor and Executor of a private trust estate. Their conduct is not only negligent—it is **deliberately injurious**, triggering full liability for all commercial and equitable damages arising from their willful and unjustified refusal to comply with federal law.

---

**Count II – Commercial Dishonor and Fiduciary Default (UCC §§ 3-501(b)(2), 9-210; MCL 440.1304)**

13. **Plaintiff lawfully tendered trust-backed commercial instruments, security agreements, and verified demand letters**, duly executed in his capacity as **Secured Party Creditor, Executor, and Beneficiary** of a registered and perfected private trust estate. These instruments—comprising Notices of Lien, Affidavits of Obligation, UCC-1 Financing Statements, Promissory Notes, and Bills of Exchange—were presented in good faith and in full compliance with the Uniform Commercial Code (UCC Articles 1, 3, and 9), Michigan commercial statutes, and applicable international and natural law principles governing lawful tender, commercial engagement, and fiduciary accountability.

14. These instruments constituted **lawful offers of tender, discharge, and demand for cure**, supported by verified affidavits and enforceable liens recorded on the public record and served by certified mail. Rather than responding with a rebuttal, investigation, or good-faith attempt to cure the dispute, **Defendants failed to acknowledge or honor the instruments**—resulting in a legal and commercial **dishonor without lawful cause** under **UCC § 3-501(b)(2)** and **§ 9-210**, which entitle the Secured Party to presume default and pursue immediate remedy.

15. The dishonor of such properly noticed instruments—backed by perfected trust authority and fiduciary declarations—constitutes not only a breach of commercial obligation, but a **violation of Plaintiff's right to contract, discharge debt, and protect estate property** from unauthorized monetization and commercial abuse. Under both natural and codified law, the dishonor of lawful tender **triggers immediate liability, enforcement rights, and equitable remedies** including lien enforcement, injunctive relief, and seizure of proceeds generated from the use of Plaintiff's identity, estate, and trust-based instruments.

16. **Defendants' failure to timely cure, investigate, or respond to Plaintiff's lawful presentment and perfected lien instruments** constitutes a **material commercial default**, triggering immediate legal and equitable consequences under the Uniform Commercial Code and applicable trust and fiduciary law. By refusing or neglecting to address the certified Notice of Lien, security agreements, affidavits of obligation, and demand for forensic audit, Defendants have committed a **breach of fiduciary duty**, having failed to uphold their legal obligation to protect, verify, and respond to claims involving the private financial and trust-based information of the Plaintiff.

17. This breach is especially egregious given Defendants' role as data custodians and monetization agents who operate under strict statutory mandates pursuant to **15 U.S.C. § 1681s-2(b)** (FCRA), **UCC §§ 1-201, 3-501, and 9-210**, and the **Michigan Constitution, Article I § 17**. In the context of a perfected secured creditor relationship, Defendants' continued use, sale, and monetization of Plaintiff's data, legal name, credit identity, and trust-backed instruments **without authorization or remedy** further constitutes the **unauthorized use and conversion of private property**, for which Plaintiff retains lawful title and priority lien status.

18. This commercial dishonor and failure to cure not only establishes default under contract and commerce but also offends the principles of **natural law**, which recognize the inviolable right of every living man or woman to access remedy, due process, and restitution when property or identity is unlawfully seized, exploited, or withheld. Under **international fiduciary standards and human rights law**, including **Articles 6, 8, and 17 of the Universal Declaration of Human Rights**, such refusal to correct injury, disclose profits, or honor private trust status is further classified as a violation of dignity, legal personality, and the right to claim full remedy without obstruction.

19. Accordingly, Plaintiff asserts that Defendants' failure to cure has triggered default conditions that authorize immediate lien enforcement, collateral attachment, public record escalation, and judicial decree of liability for all resulting harm, gains, and fiduciary violations.

---

### Count III – Constructive Fraud and Unjust Enrichment

15. **Defendants have derived substantial commercial benefit and unjust enrichment** from the unauthorized use, aggregation, and monetization of Plaintiff's private data—including legal names, signatures, Social Security Number, credit file metadata,

and other identifiers—**without consent, trust authorization, disclosure, or compensation**. These data elements were leveraged into saleable credit profiles, digital derivatives, tradeline scores, and identity-linked revenue streams by credit bureaus, data brokers, and associated monetization networks.

16. These actions breach fiduciary standards, violate secured creditor and trust rights, and infringe on natural and international legal principles—namely, the inherent right to privacy, property, honesty in commerce, and remedy.

17. Plaintiff demands full disclosure, forensic audit, itemized accounting of profits, issuance of IRS Form 1099s for all data monetization, and restitution of all gains to the **Sotero Montellano Lopez Estate Revocable Trust**. Any continued retention or use of these data-linked profits implicates both legal and moral responsibility under **constructive trust** and **unjust enrichment doctrine.**

18. Profits derived through vendor relationships, securitized data bundles, or data sales constitute unlawful enrichment and breach of constructive fiduciary duty.

---

## Count IV – Declaratory and Injunctive Relief (MCR 2.605)

17. **Plaintiff seeks judicial ratification, recognition, validation, and decree of enforceability** of the perfected **commercial liens** in the amount of **One Hundred Billion Dollars ($100,000,000,000.00) per Defendant**, which were lawfully and publicly noticed, recorded, and perfected as of **May 6, 2025**, by way of certified presentment, secured party declarations, UCC filings, and registered trust-backed instruments. These liens are supported by duly executed **trust indentures, affidavits of obligation**, and **security agreements**, lawfully filed in compliance with **UCC Articles 1, 3, and 9**, and constitute valid and enforceable legal interests attaching to **all assets, proceeds, data profiles, revenue streams, and monetized derivatives derived from the Plaintiff's legal name, estate, trust, or identifying instruments**.

18. Plaintiff respectfully demands that this Court issue a **final judicial decree** recognizing and **enshrining the status and enforceability of said liens** pursuant to **MCL 440.9501–9507, MCL 600.6013–6014**, and binding **equitable principles of restitution, fiduciary liability, and commercial redress**, thereby granting Plaintiff full lawful authority to collect, levy, attach, or assign said liens through all available administrative, civil, and international enforcement mechanisms.

Such recognition and decree are not only supported by positive law but are further mandated under the **universal doctrines of natural law and international covenant**, including **Articles 6, 8, and 17 of the Universal Declaration of Human Rights (1948)**, which affirm the right to be recognized as a person before the law, to have access to effective remedy, and to be protected against arbitrary seizure of property. These principles are echoed in **Article I § 17 of the Michigan Constitution**, which guarantees due process, fairness, and redress to every harmed individual.

11

19. The enforcement of these liens is thus a matter of both **legal necessity and moral duty**, as Plaintiff has suffered measurable **harm, deprivation, obstruction of credit access, commercial dishonor, and unjust enrichment** at the hands of Defendants through their ongoing exploitation, concealment, and monetization of Plaintiff's data, trust property, and sovereign estate without consent, compensation, or lawful authority. The Court is respectfully urged to grant this decree not merely as a technical enforcement of lien rights—but as a **restoration of lawful standing, equitable trust remedy, and sacred property recognition** owed to every living man or woman under the **Creator's law, the law of nations, and the enduring conscience of justice**.

20. **Plaintiff further seeks a permanent injunction** prohibiting Defendants—along with their agents, assigns, vendors, data furnishers, and affiliated third parties—from engaging in any further derogatory reporting, credit downgrading, or unauthorized disclosure of Plaintiff's personal, financial, or trust-based information in any form or medium, including public or private databases, credit bureaus, financial exchanges, or securitization platforms. This injunction shall remain in effect indefinitely and shall include a mandatory obligation that Defendants: (1) conduct a **comprehensive forensic audit** of all accounts, metadata, credit records, and transactions involving Plaintiff's identifiers and trust assets; (2) provide full **disclosure of all vendors, brokers, service providers, or entities that accessed, stored, or profited from Plaintiff's data** or legal instruments; and (3) initiate immediate **account restoration and correction**, including removal of all false, outdated, sealed, or derogatory entries, with appropriate corrections transmitted to all third-party agencies and systems. This injunctive relief is necessary not only to prevent further irreparable harm to Plaintiff's legal status, financial access, and fiduciary standing, but also to uphold the protections afforded under **15 U.S.C. § 1681e(b)** and **§ 1681s-2(b)** (Fair Credit Reporting Act), **MCL 445.63–445.72 (Michigan Identity Theft Protection Act)**, and the principles of **natural law, international human rights law**, and **commercial equity**, which prohibit ongoing exploitation or publication of private data without informed consent, lawful authority, or remedy.

---

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands that this Honorable Court:

1. **Enter judgment against Experian, TransUnion, and Equifax, jointly and severally, in the amount of One Hundred Billion Dollars ($100,000,000,000.00) per Defendant**, payable in **United States dollars (USD), lawful gold certificates**, or **any other agreed-upon negotiable instrument mutually approved in writing by Plaintiff and each Defendant or their duly authorized counsel of record**, together with all lawful interest, enforcement costs, administrative penalties, and reasonable legal fees as determined by the Court.;

2. Declare Plaintiff's liens valid, perfected, and enforceable against each Defendant's assets, including corporate accounts, bonds, data portfolios, and intellectual property;

3. **Order Defendants to conduct a full and immediate restoration and accounting process**, including but not limited to: the permanent removal of all derogatory tradelines, misclassified accounts, and sealed bankruptcy references from all consumer and business credit files associated with Plaintiff; the disclosure and independent forensic audit of all vendors, third-party data furnishers, brokers, and affiliated entities who accessed, aggregated, monetized, or securitized any data, signature, or instrument derived from Plaintiff's legal name, trust estate, or identifying information; and the issuance of a comprehensive forensic report and **IRS Form 1099 (OID, INT, MISC, or other applicable series)** detailing all securities, proceeds, interest, credits, derivatives, and financial instruments generated through use of Plaintiff's estate, including trust-based identifiers, CUSIPs, and digital assets. All profits, gains, and residuals must be returned or credited to the **Sotero Montellano Lopez Estate Revocable Trust bank account** as the lawful beneficiary. This Order is grounded not only in commercial equity and statutory duty, but in human dignity and spiritual truth—for it is never Plaintiff's intent to act with prejudice, retaliation, or hostility, as such conduct is destructive to commerce, love, trust, and the harmony of mankind, and inconsistent with the higher laws of creation which call us to transparency, accountability, and restoration for the greater good.

4. **Allow Plaintiff to file and enforce judgment liens and/or UCC continuation statements without further leave of court** should any Defendant fail to respond within **twenty-one (21) days** of verified delivery or service of the summons and Verified Complaint, in accordance with **MCR 2.603(B)** (default judgment procedures), **MCL 440.9507** (enforcement of security interests), and applicable Uniform Commercial Code, fiduciary, trust, and international commercial law. Such enforcement shall include—but not be limited to—the filing and recording of: verified affidavits of default; security agreements; UCC-1 financing statements; UCC-3 continuation and amendment statements; commercial lien enforcement notices; and collateral claims with the **Michigan Department of State, Wayne County Register of Deeds, U.S. Secretary of State, IRS**, and international public record repositories as necessary for full administrative and commercial remedy.

5. Upon such default, **Defendants shall be deemed to have fully, finally, and irrevocably admitted all factual allegations, legal claims, evidentiary assertions, and commercial liens set forth in this Verified Complaint**, including but not limited to: willful misconduct, commercial dishonor, fraudulent concealment, unjust enrichment, fiduciary breach, identity monetization, unauthorized data aggregation, unlawful discrimination, and obstruction of lawful trust operations. Defendants shall further be deemed to have **consented unconditionally and without limitation** to the **perfected commercial liens in the amount of One Hundred Billion Dollars ($100,000,000,000.00) per Defendant**, as lawfully recorded and enforceable by Plaintiff

under **UCC Articles 1, 3, and 9**, **Michigan commercial and constitutional law**, and **natural and international fiduciary principles**.

6. Defendants shall **irrevocably forfeit all rights to object, delay, dispute, demur, or move to dismiss** any equitable, legal, administrative, or commercial remedy sought by Plaintiff, including—but not limited to—execution of judgment liens, enforcement of collateral rights, attachment of monetized proceeds and securities, forensic audits, IRS Form 1099 reporting obligations, injunctive relief, and full trust-based restitution. This forfeiture shall be **automatic, final, with prejudice**, and **non-reviewable**, and shall apply jointly and severally to each Defendant as well as to their **officers, directors, agents, successors, assigns, legal representatives, underwriters, and indemnitors**.

7. The Court is respectfully urged to recognize that any continued non-response, willful evasion, procedural delay, or refusal to disclose material facts already evidenced through certified administrative presentment and commercial lien filings constitutes not only bad faith and fiduciary breach, but a deliberate violation of **Article I § 17 of the Michigan Constitution, UCC § 9-607**, and **natural law principles of equity, remedy, restitution, and lawful possession**. Plaintiff shall be entitled to enforce all lawful remedies in commerce, law, and equity, without obstruction or delay by any agent or entity acting contrary to justice, truth, or fiduciary integrity.

8. **Grant Plaintiff leave to serve all pleadings, notices, and legal instruments electronically**, including via **email, secure messaging applications (such as WhatsApp, Signal, or Telegram), and verified electronic delivery platforms**, to **any known, public-facing, or previously responsive contact point or representative of each Defendant**, including legal departments, counsel of record, customer service portals, executive emails, and compliance personnel. Such alternative service is requested in the interest of judicial economy and in recognition of Defendants' demonstrated access to electronic communication and ongoing commercial use of digital platforms. This request is consistent with the flexible service provisions of **MCR 2.105(I)** and **MCR 2.107(C)**, as well as **constitutional due process standards**, which permit service by alternative means reasonably calculated to give actual notice when traditional methods are impractical, unacknowledged, or purposefully avoided. Plaintiff shall maintain proof of such service via electronic delivery receipts, timestamps, certified affidavit of service, or screenshot documentation, and such service shall be deemed valid and binding upon delivery, whether or not acknowledged, absent specific objection supported by good cause.

9. **Grant such other and further relief as this Honorable Court deems just, equitable, and necessary**, including but not limited to: monetary and non-monetary sanctions against any Defendant found to have engaged in bad faith, dilatory tactics, willful noncompliance, or frivolous defense, pursuant to **MCL 600.2591**; issuance of protective orders to preserve evidence and prevent spoliation; referral to appropriate regulatory or law enforcement agencies for further investigation where fraud or breach of fiduciary duty is apparent; and any other remedy in law, equity, or commerce that is required to fully restore the Plaintiff, protect the integrity of the proceeding, enforce fiduciary standards, and deter future violations by Defendants or similarly situated parties.

## VII. LEGAL AFFIRMATION IN LIEU OF NOTARY

**Pursuant to 28 U.S.C. § 1746, MCL 600.2101, and MCR 1.109(D)(3),** Plaintiff affirms that formal notarization is not required for pleadings, affidavits, or verified complaints that are signed and declared under penalty of perjury by the affiant. This Verified Complaint is therefore lawfully and sufficiently authenticated by Plaintiff's written declaration below, having the **same force and effect as a sworn affidavit**, in accordance with both **federal and Michigan statutory law**. Furthermore, this affirmation is made consistent with principles recognized under **natural law**, wherein a living man may testify in his own right as to firsthand knowledge and lawful injury, and under **international commercial and human rights law**, including **Articles 6 and 8 of the Universal Declaration of Human Rights (1948)**, which affirm the right to recognition and remedy before all lawful tribunals. Plaintiff's declaration is made in good faith, under full liability and capacity, and serves as a self-authenticating instrument in commerce, equity, and conscience. No further oath, bond, or third-party attestation is required where truth is affirmed by one's own living hand, under the authority of the Creator, the law of nations, and the public law of this land and soil jurisdiction.

**"I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, belief, and ability."**

Executed on this **1** day of **August**, 2025.

By: Sotero M. Ex ℗™

Sotero M. Lopez III, sui juris
Executor and Trustee

---

## VIII. RESERVATION OF RIGHTS AND RIGHT TO AMEND

Plaintiff reserves the right to amend this Verified Complaint as a matter of right under **MCR 2.118(A)(1)** prior to entry of a responsive pleading, or thereafter upon leave of the Court, to include additional parties, damages, evidence, or legal grounds as discovery and investigation progress.

All rights are reserved without prejudice under:

- **UCC § 1-308**
  Private CUSIP No.: SML-050625-EQF-TUE300B
  Document Control No.: DOC-SML-MICZ-EQF-2025-001
- **28 U.S.C. § 1652**

InterPlanetary File System (IPFS) Content Identifier: bafybeihf5v4fheact3u5udjhksf55ivaat5dgik5qcmk7de4x4oa4v

- **Article I § 23 of the Michigan Constitution (Reservation of Rights Clause)**

- **9th and 10th Amendments to the U.S. Constitution.**

---

## XV. CONDITIONAL SETTLEMENT AND WITHDRAWAL OFFER

Plaintiff affirms that the intention of this action is not to burden the Court with unnecessary litigation, but to obtain justice, remedy, and full accountability for the financial, reputational, and spiritual harms suffered as a result of Defendants' ongoing misconduct. To that end, **Plaintiff hereby offers to withdraw this action in full**, with prejudice, **provided that each Defendant engages in good faith settlement discussions and tenders a resolution package** that includes:

1. **Complete removal of all negative tradelines,** sealed bankruptcy references, and unverifiable derogatory information from Plaintiff's credit profile;

2. **A certified forensic accounting and audit report** disclosing all financial gains, securities, derivatives, or vendor relationships arising from the use of Plaintiff's data, estate, or trust-based identifiers;

3. **Written acknowledgment of wrongdoing and a commitment to implement corrective procedures** to prevent recurrence;

4. **A mutually agreed-upon settlement amount or trust-compatible instrument**, to be lawfully tendered to the Plaintiff's estate, for restitution and equitable redress;

5. **Written consent from each Defendant** to the removal or suspension of any pending liens upon confirmation of compliance with the terms above.

This offer is made without prejudice to any rights already exercised or perfected by Plaintiff under **UCC Articles 3 and 9,** the **Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.), MCL 600.1405 et seq.,** and applicable natural, international, and constitutional law. Should any Defendant elect to ignore or reject this opportunity, **Plaintiff reserves all rights to proceed with full litigation, lien enforcement, and judgment execution** as outlined in this Verified Complaint. However, should Defendants elect to resolve the matter with honor and equity, **Plaintiff is willing to forgo further litigation in the spirit of lawful reconciliation and constructive commercial remedy**.

---

## XVI. COVENANT NOT TO SUE AND MUTUAL RELEASE UPON SETTLEMENT

Upon full and satisfactory performance of all settlement terms by Defendants—**including correction and deletion of derogatory data**, **full disclosure and audit of monetized records**, **lawful restitution to Plaintiff's trust estate**, and **written confirmation of compliance—Plaintiff agrees to dismiss this action with prejudice** and **irrevocably waives the right to bring any future legal action, claim, or proceeding against Defendants based on the same underlying facts, conduct, or transactions described herein.**

This **covenant not to sue** shall apply to:

- All causes of action arising from or related to credit reporting, data monetization, lien dishonor, fiduciary breach, or failure to investigate disputes;

- All corporate parents, subsidiaries, affiliates, agents, successors, and assigns of Defendants;

- All data brokers, vendors, and third-party partners known or unknown, **to the extent that they are disclosed in the required forensic audit and no longer monetizing Plaintiff's data.**

**This promise of non-litigation shall become effective only upon Defendants' full compliance** with the material terms of settlement, as determined by Plaintiff and acknowledged in writing. Plaintiff shall retain the right to reinstate enforcement if any material misrepresentation, fraud, concealment, or breach of agreement is later discovered.

# EXHIBIT A

# CERTIFICATE OF TRUST

## SOTERO MONTELLANO LOPEZ III
### CUSIP No.: SML-050325-EQT
Effective Date: January 1, 1996

## I. TRUST INFORMATION

**Bernard J. Youngblood**
**Wayne County  Register of Deeds**
**2025172444      L: 59558 P: 681**
**05/20/2025 01:03 PM   CTF    Total Pages: 9**

**Trust Name:**
 SOTERO MONTELLANO LOPEZ III

**EIN Number:** 99-6230635

**Trustor / Grantor; True Owner:**
 Sotero M. Lopez III, sui juris
 P.O. Box 40261
 Redford, Michigan 48240.

**Initial Trustee:**
 Sotero M. Lopez III

**Successor Trustee:**
 Carmen D. Lopez
 220 W. Congress St, Floor 2, #1006. Detroit, Michigan 48226.
 Authorized fiduciary to act in full trustee capacity upon incapacity, resignation, or lawful substitution of the Initial Trustee.

**This Certificate of Trust has been duly prepared and submitted by Sotero M. Lopez III, acting in his private fiduciary capacity, with mailing location at P.O. Box 40261, Redford, Michigan 48240.**

**Effective Date:**
 This Trust is declared and perfected **nunc pro tunc** as of **January 1, 1996**, the year following the birth of the Grantor, with lawful retroactive intent to protect, administer, and reclaim all legal and equitable interests, properties, and instruments derived from the Grantor's name, estate, labor, biological identity, and commercial likeness from that time forward.

**Serial No. 630456199326**                          **Copyright No. 00087705-1**

05/20/2025

1

Bernard J. Youngblood
Wayne County Register of Deeds
2025214893   L: 59671 P: 114
07/21/2025 01:02 PM   CTF   Total Pages: 31

# CERTIFICATE OF TRUST
## OF THE SUCCOR INTERNATIONAL ECCLESIASTICAL TRUST

**Date of Execution**: 07/21/2025
**Place of Execution**: 30055 Plymouth Rd, Livonia, Michigan 48150.

**Certificate ID**: CT-SIET-052725-LIVMI-001
**Private CUSIP-style Identifier for Commercial Recognition**: SIE-52725-M3

**E.I.N.: 98-6142571**

I. TRUST INFORMATION

**Trust Name:**
THE SUCCOR INTERNATIONAL ECCLESIASTICAL TRUST

**Trustor / Grantor; Settlor:**
Sotero M. Lopez III, sui juris
℅ P.O. Box 40261
Redford Charter Township, Michigan 48240.

**Initial Trustee:**
Sotero M. Lopez III

**Successor Trustee:**
Carmen D. Lopez
℅ 220 W. Congress St, Floor 2, #1006. Detroit, Michigan, 48226.
Authorized fiduciary to act in full trustee capacity upon incapacity, resignation, or lawful substitution of the Initial Trustee.

**This Certificate of Trust has been duly prepared and submitted by Sotero M. Lopez III, acting in his private fiduciary capacity, with mailing location at ℅ P.O. Box 40261, Redford, Michigan 48240.**

---

**TABLE OF CONTENTS**

## AFFIDAVIT OF TRUTH, HARM, AND CLAIM OF RIGHT

**State of Michigan**
**County of Wayne**

**I, Sotero M. Lopez III, sui juris**, a living man, competent to testify, being of lawful age and sound mind, hereby solemnly affirm, depose, and state the following under the penalties of perjury:

## I. INTRODUCTION AND STANDING

1. I am a private sector, domiciled on the land and soil of the Republic of Michigan, and I assert my lawful status as a living man under the jurisdiction of **Natural Law**, **Common Law**, **International Law**, and **Canon Law**.

2. I am the true, rightful, and lawful Grantor, Executor, and Beneficiary of my private estate and all associated property, name, identifiers, labor, trust rights, securities, and financial instruments.

3. All rights, titles, interests, and claims to my private estate are fully reserved without prejudice under **UCC 1-308**.

## II. FACTUAL BASIS OF INJURY

4. I have lawful firsthand knowledge that my private name, Social Security Number, estate trust interests, and financial standing have been unlawfully accessed, monetized, securitized, and negatively reported by **Experian Information Solutions, Inc., TransUnion LLC, and Equifax Information Services LLC** ("Respondents") without full disclosure, lawful delegation of authority, or voluntary, contemporaneous consent.

5. Upon direct inquiry to the **United States Bankruptcy Court, Eastern District of Michigan**, the Clerk of Court confirmed that:

   **"The Court does not report Chapter 7 bankruptcy cases to credit bureaus. Only third-party vendors, not the Court, report to the bureaus."**

05/07/2025

1

6. Therefore, any public reporting of bankruptcy related to my name or estate has been conducted by **unauthorized third-party vendors** acting without lawful agency, fiduciary delegation, trust authority, or constitutional permission.

7. These vendors accessed, extracted, monetized, and misrepresented court records for commercial gain without any lawful fiduciary relationship to me.

## III. NATURE AND EXTENT OF HARM

8. As a direct and proximate result of these unauthorized actions, I have suffered:

- **Economic Harm**: Denial of access to loans, housing, employment opportunities, insurance, and essential services due to false negative financial information;

- **Reputational Harm**: Injury to my name and standing among creditors, employers, lenders, and the general public;

- **Emotional Distress**: Anxiety, frustration, humiliation, and distress resulting from financial hardship and social stigma;

- **Financial Exploitation**: Unlawful profit generation by Respondents and vendors through the use of my private data without compensation or authorization;

- **Trust Violation**: Breach of sacred fiduciary duty owed under Natural, Commercial, and International Law.

9. These harms are systemic, ongoing, irreparable without full remedy, and have deprived me of the basic liberties guaranteed by the Constitution, International Treaties, and Universal Human Rights doctrines.

## IV. LEGAL VIOLATIONS

10. The Respondents and their associated vendors are **vicariously liable** under the following frameworks:

**Natural Law:**

- Unalienable rights to life, liberty, and property cannot be infringed without voluntary consent and due process.

2

**Common Law:**

- Unauthorized commercial use of private property constitutes theft, fraud, and breach of fiduciary duty.

**Constitutional Law:**

- Violation of the **Fifth Amendment** (Due Process, Takings Clause),

- Violation of the **Fourth Amendment** (Right to Privacy),

- Violation of **Article I, Section 10** (Prohibition on impairment of contracts).

**International Law:**

- **Universal Declaration of Human Rights (1948)**, Articles 3, 6, 8, 17: Protection of property, reputation, and access to remedies.

---

### Private Canonical Foundations and Legal Harmonization Clause

*(For Use in Trust Declarations, Liens, Security Agreements, or Affidavits of Status)*

In accordance with private estate law, ecclesiastical jurisdiction, and natural rights doctrine, the following provisions, identified as **Private Canons**, are hereby declared foundational to the governance and lawful administration of the Estate of the living man known as **Sotero M. Lopez III**, sui juris.

These provisions are fully binding within the **Private Jurisdiction of the Estate**, and consistent with **Michigan constitutional law, common law**, and **recognized commercial legal principles**.

---

### Canon 2046 – Exclusive Property Rights of the Living Man

It is irrevocably affirmed that the living man holds **absolute legal and equitable title** to his biological body, mind, labor, intellectual property, name, and all tangible and intangible assets derived from or associated with his private Estate.

This exclusive right of dominion and control is protected by:

- **Michigan Constitution, Article I, § 1**: *"All political power is inherent in the people. Government is instituted for their equal benefit, security, and protection."*

3

- **Michigan Constitution, Article I, § 17**: *"No person shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law."*

- **UCC § 1-103**: Preserves common law rights and remedies;

- **Maxim of Law**: *"That which is mine cannot be taken without my consent."*

## Canons 2055 & 2056 – Right of Restitution for Unlawfully Seized Estate Property

The living man retains the **inherent and secured right** to demand **immediate and full restitution** of any property, interest, or asset that has been unlawfully seized, converted, monetized, or administered under presumption, constructive fraud, or false agency.

This right is affirmed by:

- **Michigan Constitution, Article X, § 2**: Prohibits the taking of private property without just compensation;

- **Restatement (Third) of Restitution and Unjust Enrichment § 3**: Requires full return of benefits obtained without legal justification;

- **UCC § 3-305**: Establishes real defenses against instruments issued under fraud, duress, or unauthorized assumption;

- **Common Law Doctrine of Replevin and Trespass to Chattels**;

- **Maxim of Equity**: *"Equity will not suffer a wrong to be without a remedy."*

## Canons 3228 & 3229 – Nullity of Contracts Without Full Disclosure or Consent

All purported contracts, trusts, administrative assignments, or fiduciary assumptions **made without contemporaneous full disclosure, knowing and voluntary consent, or lawful authority** are **null and void ab initio**. Such instruments constitute constructive fraud and are not binding on the Estate.

These protections are grounded in:

- **Michigan Constitution, Article I, § 10**: *"No law impairing the obligation of contract shall be enacted."*

4

- **Restatement (Second) of Contracts § 161**: Duty to disclose material facts;

- **UCC § 1-201(b)(3)**: Definition of "agreement" requires mutual intent;

- **UCC § 2-302**: Unconscionable contracts unenforceable in law or equity;

- **Maxim of Law**: *"Consent makes the law; a contract without consent is void."*

### Jurisdictional Statement and Binding Effect

These Canons are hereby adopted as governing law under the **private jurisdiction of the Trust and Estate** and are further consistent with **Michigan constitutional law**, **natural rights**, **trust law**, and the **Uniform Commercial Code**. They are binding upon all parties, public or private, that interact with or attempt to administer any element of the Estate.

All parties receiving notice of this document are deemed to have **constructive and actual knowledge** of its contents. Failure to rebut or respond within the prescribed period constitutes **tacit agreement, acquiescence, and consent**, enforceable under **contract law**, **commercial law**, and **private trust enforcement**.

## V. DEMAND FOR REMEDY AND FORENSIC AUDIT

11. I hereby lawfully and formally demand:

- A **full forensic audit** of all third-party vendors who have accessed, reported, or profited from my financial and bankruptcy records;

- A **complete listing** and disclosure of all entities that published, shared, or sold such information to Experian, TransUnion, or Equifax;

- Immediate **correction and removal** of all false, derogatory, or misleading tradelines and bankruptcy entries;

- Return of all unjustly enriched profits to my private trust account;

- Full **commercial satisfaction and settlement** of all damages accrued;

- Cease and desist of all unauthorized fiduciary administration over my estate or financial instruments.

## VI. DAMAGES CLAIMED

12. I assert commercial damages against the Respondents jointly and severally, in the total amount of:

- **$2,000,000,000.00 (Two Billion United States Dollars) per entity**,

- Plus lawful interest, penalties, enforcement costs, and equitable relief,

- Plus punitive and exemplary damages for willful malice, fraud, and ongoing harm.

## VII. FINAL AFFIRMATION

13. I affirm that all facts stated herein are true, correct, and complete to the best of my firsthand knowledge, understanding, and belief, and that this affidavit is made in honor, peace, and lawful truth.

14. I fully reserve all rights under **Natural Law**, **Common Law**, **International Law**, **Canon Law**, and **UCC 1-308**, without prejudice and without recourse.

**Executed this** ___7th___ **day of** ___May___ , **2025**,
on the land and soil of the Republic of Michigan.

**By:**  By: Sotero M. Lopez ©™

**Sotero Montellano Lopez III, sui juris**
Grantor, Executor, Beneficiary of the Private Estate
All Rights Reserved, UCC 1-308, Without Prejudice

**"I am all present and accounted for, from fertilization to last breath."**

6

## NOTARY ACKNOWLEDGMENT

**State of Michigan**
**County of Wayne**

On this ___7___ day of ___May___, 2025, before me, the undersigned Notary Public, personally appeared **Sotero Montellano Lopez III**, known to me to be the living man described herein, who executed the foregoing instrument and acknowledged that he executed the same freely, voluntarily, and in good faith for the purposes therein expressed.

Notary Public, State of Michigan
My Commission Expires: ___06/20/2027___

(Seal)    _Jennifer L Davis_ Jennifer L. Davis

JENNIFER L. DAVIS
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Jun 20, 2027
ACTING IN COUNTY OF

## Witness Acknowledgments

We, the undersigned witnesses, do hereby affirm that we observed **Sotero M. Lopez III**, the living man, sign and execute the foregoing instrument freely, knowingly, and without coercion, and that we affirm his identity and free will in this act.

**Witness #1:**
Signature: _____
Printed Name: _____
Address: _____ Michigan, MI 48135
Date: _____

**Witness #2:**
Signature: _Dawn Ciera_____
Printed Name: _Dawn Ciera_____
Address: _____ 48135
Date: __5/7/25_____



7

## FOR INTERNATIONAL USE: APOSTILLE CERTIFICATION

*This document, together with all signatures and notarial seals affixed hereto, may be formally submitted to the appropriate **Secretary of State** of the United States (or the equivalent **Ministry of Foreign Affairs or Competent Authority** in any Hague Convention Contracting State) for the issuance of an **Apostille Certificate** pursuant to the **Hague Convention of 5 October 1961 Abolishing the Requirement of Legalisation for Foreign Public Documents** (commonly referred to as the **Apostille Convention**).*

*Upon issuance of said Apostille, this instrument shall be recognized as **authentic, valid, and legally enforceable** in **any of the over 120 Contracting Parties** to the Convention, **without further diplomatic or consular authentication**. This includes, but is not limited to:*

- **Courts of law**, *civil or criminal;*

- **Administrative agencies** *and regulatory bodies;*

- **International banking institutions**, *central banks, and private financial entities;*

- **Commercial registries** *and notarial offices;*

- **Embassies and consulates** *of member states;*

- **Foreign ministries and departments of justice**.

*The Apostille Certificate serves as an **official government authentication** of the signatures, seals, and capacities of the individuals who executed or notarized this document, thereby establishing its **prima facie validity** across borders.*

*This process ensures that the document may be used in **legal proceedings, commercial transactions, property transfers, trust administration, contractual enforcement, or any other lawful purpose** in all jurisdictions that are party to the Convention, without the need for additional validation or legal hurdles.*

*The effect of the Apostille is equivalent to **international full faith and credit**, and parties relying on this document shall be deemed to have constructive notice of its contents and binding legal force under applicable law.*



8

# COMMERCIAL LIEN

## (PRIVATE SECURITY AGREEMENT ITEM: 2025060519952711-MI-PSA-01)

**PRIVATE CUSIP DESIGNATOR:**

- **SMLO-0425-1995-2711-MI-PSA-001**
*(Private Instrument Number for Record and Commercial Enforcement Purposes)*

**Lienor/Secured Party:**
Sotero Lopez III, sui juris
Grantor, Executor, Beneficiary
Private American National
P.O. Box 40261, Redford, Michigan 48240
All Rights Reserved, UCC 1-308, Without Prejudice

**Lien Debtors:**

- Experian Information Solutions, Inc.

- TransUnion LLC

- Equifax Information Services LLC

**Principal Office Locations:**

- Experian Information Solutions, Inc.
475 Anton Blvd
**Costa Mesa, California 92626**
**United States.**

- TransUnion LLC
**555 West Adams Street**
**Chicago, Illinois 60661**
**United States.**

- Equifax Information Services LLC
**1550 Peachtree Street NE**
**Atlanta, Georgia 30309**
**United States.**



05/07/2025

1

## I. PREAMBLE & AUTHORITY

This Commercial Lien is established by lawful right under:

- The **U.S. Constitution**, Article I, Section 10 (Obligation of Contracts),

- The **Fourth, Fifth, and Ninth Amendments**,

- The **Uniform Commercial Code (UCC)** Articles 3, 8, and 9,

- **Common Law of Contracts** and **Trust Law**,

- **Universal Declaration of Human Rights** (Articles 17 and 19),

- **31 CFR Part 225** (Surety Bonds and Fiduciary Compliance),

- Applicable international and treaty laws.

**Notice to Debtor:** This Commercial Lien is perfected by public and private notice, acceptance by silence, default, tacit agreement, and commercial necessity.

## II. BASIS OF CLAIM

1. The Lienor/Secured Party holds all lawful rights, titles, interests, and claims over personal financial data, credit information, instruments, and securities generated by or related to the use of their private information (e.g., Social Security Number, Trust Identifiers).

2. The Lien Debtors have unlawfully:

   o  Monetized private financial information without consent,

   o  Maintained false, misleading, and damaging credit reports,

   o  Profited commercially from the wrongful dissemination of negative financial data,

   o  Failed to correct inaccurate reports despite lawful notices,

   o  Violated fiduciary duty, trust obligations, federal statutes, and constitutional rights.

05/01/2025

2

3. As a result of these breaches, the Lienor has suffered:

  o Economic injury and deprivation of access to commerce,

  o Loss of creditworthiness and financial opportunities,

  o Emotional distress and hardship,

  o Direct and consequential financial damages.

---

## III. LIEN TERMS

### Legal Authority for Damages

This claim is grounded under multiple superior legal frameworks, each invoked as standing law:

**Natural Law and the Laws of Nature's God**
Rights are unalienable, not given by governments or corporations. Harming private financial standing without consent violates these inherent rights.

**Common Law of the Land**
The supreme law securing life, liberty, and property, prohibiting unauthorized commercial exploitation.

**The Constitution for the united States of America (1787), Article VI**
All statutes are subordinate to the Constitution. All government and corporate actors are bound to uphold natural rights and prevent contractual impairment.

**The Michigan Constitution (1835, 1963), Art. I §§ 1, 10, 17**
Secures private property, contracts, and political rights, forbidding impairment and commercial trespass upon private estates.

**Uniform Commercial Code (UCC), Articles 1, 3, and 9**
Guarantees preservation of common law rights, mandates commercial reasonableness, proper validation of obligations, and full right to demand accounting and audit of financial transactions.

**International Treaties and Conventions**
Hague Trust Convention, Vienna Convention on Diplomatic Relations, Geneva Conventions, Treaty of Peace and Friendship affirm international rights to private administration of trust and estate affairs without unlawful interference.

**Universal Declaration of Human Rights (1948)**
Protects property, dignity, recognition before law, due process, and freedom from economic oppression.

3

⌐ **Canon Law Principles (Canon 2046, 2047, 2055, 2056, 3228, 3229)**
Establishes that all false contracts, assumptions of agency, or administration of a living man's estate without full lawful consent are null, void, and subject to immediate restitution and correction.

⌐ **The Cestui Que Vie Act of 1666 (26 Charles II, Chapter 11):**
Establishing that, upon rebuttal of presumption of death, the living man reclaims full equitable title to his estate and property, free from Crown or corporate claims arising from maritime legal fictions.

⌐ **Public Law 88-244 (1963) — UCC Adoption:**
Ensuring that the Uniform Commercial Code governs corporate commerce but preserves pre existing common law rights of the People, especially the right to not be compelled into contracts or assumptions without full voluntary consent.

---

## III. Breakdown of Damages

| Category of Harm | Basis in Law | Amount per Entity |
|---|---|---|
| **Wrongful Monetization of Private Financial Data** | Natural Law, UCC Articles 3, 8, 9, Hague Trust Convention | $500,000,000.00 |
| **Unlawful Negative Reporting & Damage to Creditworthiness** | FCRA 15 U.S.C. § 1681s-2(b), U.S. Constitution, Fifth Amendment. | $400,000,000.00 |
| **Emotional and Psychological Distress** | Universal Declaration of Human Rights Art. 3, Art. 17, Geneva Conventions | $250,000,000.00 |
| **Loss of Financial Opportunities (Housing, Loans, Employment)** | Fair Credit Reporting Act, Common Law of Contracts, Law of Nations | $350,000,000.00 |

05/01/2025

| **Constitutional Violations (Due Process, Equal Protection, Privacy)** | U.S. Constitution, Fourth, Fifth, and Ninth Amendments | $250,000,000.00 |
| **Fraudulent Concealment and Breach of Fiduciary Duty** | Restatement (Second) of Trusts § 2, Common Law, UCC 1-103 | $250,000,000.00 |
| **Punitive and Exemplary Damages** (To Deter Further Wrongdoing) | UCC Commercial Remedies, Public Law 88-244 | $2,500,000,000.00 (Adjusted for exemplary harm) |

## IV. Summary of Total Damages

Each Lien Debtor (Experian, TransUnion, Equifax) is **separately liable** for no less than:

- **$2,000,000,000.00** base lien amount,

- **Plus accruing costs, penalties, interest, fees, and additional damages** until satisfied in full.

The total for all three entities combined exceeds **$6,000,000,000.00** plus all costs of enforcement.

## V. Enforcement

Upon failure to cure this claim:

- This lien may be enforced by seizure, levy, liquidation of assets, and other lawful commercial remedies;

- Default judgments shall be pursued under Federal Rules of Civil Procedure Rule 55;

- International claims may be pursued under Hague Conventions and Universal Declaration of Human Rights protocols;

5

- The Secured Party reserves all rights for additional actions in equity, law, and commerce.

All property, securities, bonds, assets, accounts receivable, and corporate assets of the Respondents are hereby made liable and encumbered as collateral against this lawful debt.

## IV. NOTICE OF DEFAULT AND RIGHT TO CURE

The Lien Debtors were provided:

- Lawful **Notice of Demand** to cease and desist all unlawful activities,

- Lawful **Opportunity to Cure** within **30 business days**,

- Failure to act or respond constitutes **tacit acceptance** of all claims herein.

Upon default:

- The Commercial Lien becomes enforceable,

- The Lienor may levy, collect, liquidate, or otherwise secure satisfaction through lawful means, including the filing of lien notices with county, state, and federal registries, UCC lien registration, and pursuit of judicial remedies.

## V. SECURITY INTEREST

This lien attaches to:

- All physical, financial, and intellectual property of Debtors,

- All corporate accounts, assets, securities, bonds, proceeds, derivatives, and interests related to the monetization of the Secured Party's information,

- All commercial claims and rights tied to the unlawful reporting or dissemination of negative information.



05/07/2025

6

## VI. LEGAL ENFORCEMENT

This Commercial Lien is enforceable:

- Under **Common Law** and **Commercial Law** principles,

- By filing with County Clerk and/or appropriate UCC Filing Offices,

- By securing judgments, attaching assets, garnishing accounts, and seizing proceeds as necessary to satisfy the debt.

## VII. AFFIRMATION AND RESERVATION OF RIGHTS

All rights reserved without prejudice under UCC 1-308.
All claims are made in good faith, truth, honor, and lawful standing.
Notice to one is notice to all.

Here is a **strong police authority provision** to add to your Commercial Lien that empowers law enforcement to assist in enforcement, provides jurisdiction under Michigan law, and reinforces lawful authority for action:

## VIII. AUTHORIZATION OF POLICE ENFORCEMENT

Pursuant to the inherent powers reserved to the People under **Article I, Section 1** of the **Michigan Constitution of 1963** — "All political power is inherent in the people. Government is instituted for their equal benefit, security and protection." — the undersigned Secured Party, acting in proper capacity as Executor and Beneficiary of the Private Trust Estate, hereby authorizes **all duly sworn public officers, sheriffs, deputies, and law enforcement officers** of the State of Michigan and any jurisdiction recognizing this lien under Full Faith and Credit, to:

- Aid in the enforcement of this Commercial Lien against the Respondents for purposes of securing, attaching, or seizing collateralized property and assets;

- Serve notices of default or demand for payment;

- Prevent ongoing fraudulent activity and identity-based harm to the estate and secured interest of the Lienor;

- Protect the public from further unlawful fiduciary breaches, economic duress, and commercial harm committed by the Lien Debtors.

7

This enforcement clause is supported by:

- **Michigan Constitution**, Art. I §§ 1, 10, 17 — protecting due process, contracts, and the right to redress.

- **U.S. Constitution**, Amendment V and XIV — guaranteeing life, liberty, and property without deprivation under color of law.

- **Uniform Enforcement of Foreign Judgments Act (UEFJA)** and **Full Faith and Credit Clause**, U.S. Constitution Art. IV § 1.

- **Federal and state criminal laws** governing identity theft, false reporting, and fiduciary malfeasance (e.g., 18 U.S.C. §§ 1028, 1341, 1343).

  **Notice to Law Enforcement:**
  This Lien constitutes a lawful Security Agreement and Commercial Obligation perfected under the Uniform Commercial Code and applicable public policy. You are empowered and obligated to protect the public interest, prevent further injury, and assist in peaceful enforcement and remedy pursuant to oath and duty.

Failure by government agents to act on valid claims of harm, fraud, and fiduciary breach may constitute **willful neglect of duty under Michigan Penal Code § 750.478** and **42 U.S.C. § 1986** (neglect to prevent civil rights violations).

---

**Executed on this** 7th **day of** May , **2025.**
Jurisdiction: Land and Soil of the Republic of Michigan.

**By:** By: Sotero M. Lopez III

---

**Sotero Montellano Lopez III, sui juris**
Grantor, Executor, and Beneficiary of the Private Trust Estate

**"I am all present and accounted for, from fertilization to last breath."**

---

05/07/2025

8

## NOTARY ACKNOWLEDGMENT

*(for public or private notarial jurisdiction and Apostille validation)*

**State of** Michigan

**County of** Wayne

On this __7__ day of __May__, **2025**, before me, the undersigned notary public, personally appeared Sotero Lopez IIII satisfactorily proven World Authority Passport and United States Passport Card subscribed to this instrument, and acknowledged that he executed the same for the purposes set forth herein.

In witness whereof, I hereunto set my hand and official seal.

**[Seal]**

Jennifer L Davis        Jennifer L. Davis

Notary Public Signature

My Commission Expires: __06/20/2027__

JENNIFER L. DAVIS
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Jun 20, 2027
ACTING IN COUNTY OF Wayne

## WITNESS DECLARATION

*(Pursuant to 28 U.S.C. § 1746, Uniform Law on Notarial Acts, and the Hague Apostille Convention)*

We, the undersigned, being competent witnesses hereby solemnly declare under penalty of perjury under the laws of the United States of America, the State of Michigan, and international law, including but not limited to the Hague Convention Abolishing the Requirement of Legalisation for Foreign Public Documents (5 October 1961), that:

We were personally present and did lawfully, knowingly, and without obstruction observe the living man known as **Sotero M. Lopez III**, appearing in his full **private and monarch capacity**, lawfully standing as the **holder of True Legal and Equitable Title to his Estate**, and acting under full authority in the capacities of **Executor, Trustee, Secured Party Creditor, and Bailee-in-Possession** thereof.

Said man did knowingly, willingly, and voluntarily execute the document titled:

**Commercial Lien Against Lien Debtors:**

- **Experian Information Solutions, Inc.**

- **TransUnion LLC**



9

- **Equifax Information Services LLC**

He did so of his own free will, without any duress, coercion, threat, or undue influence, and with full legal and equitable intent to bind and administer all rights, titles, interests, and claims associated with his private Estate for the lawful commercial and judicial purposes expressly set forth therein. Sotero appeared to us to be of sound mind, lawful age, and competent understanding at the time of execution.

## WITNESSES

**Witness #1**
Name (Printed): _Craig Novak_
Address: _7075 Merriman Rd. Garden City MI 48135_
Signature: _Cµu Naiaa_
Date: _5-7-25_

**Witness#2**
Name (Printed): _Dawn Cicala_
Address: _7075 Merriman RD GCity 40135_
Signature: _Dawn Cicala_
Date: _5-7-25_

## FOR INTERNATIONAL USE: APOSTILLE CERTIFICATION

*This document, together with all signatures and notarial seals affixed hereto, may be formally submitted to the appropriate **Secretary of State** of the United States (or the equivalent **Ministry of Foreign Affairs or Competent Authority** in any Hague Convention Contracting State) for the issuance of an **Apostille Certificate** pursuant to the **Hague Convention of 5 October 1961 Abolishing the Requirement of Legalisation for Foreign Public Documents** (commonly referred to as the **Apostille Convention**).*

*Upon issuance of said Apostille, this instrument shall be recognized as **authentic, valid, and legally enforceable** in **any of the over 120 Contracting Parties** to the Convention, **without further diplomatic or consular authentication**. This includes, but is not limited to:*

- *Courts of law, civil or criminal;*

- *Administrative agencies and regulatory bodies;*

- *International banking institutions, central banks, and private financial entities;*

- *Commercial registries and notarial offices;*

- *Embassies and consulates of member states;*

- *Foreign ministries and departments of justice.*

*The Apostille Certificate serves as an **official government authentication** of the signatures, seals, and capacities of the individuals who executed or notarized this document, thereby establishing its **prima facie validity** across borders.*

*This process ensures that the document may be used in **legal proceedings, commercial transactions, property transfers, trust administration, contractual enforcement, or any other lawful purpose** in all jurisdictions that are party to the Convention, without the need for additional validation or legal hurdles.*

*The effect of the Apostille is equivalent to **international full faith and credit**, and parties relying on this document shall be deemed to have constructive notice of its contents and binding legal force under applicable law.*



11

# EXHIBIT B

 An official website of the United States Government

 **Consumer Financial Protection Bureau**
(https://www.consumerfinance.gov/)

Start a new complaint

❮ All complaints (.)

# 250126-18334957

**CLOSED**

✔ **Submitted**

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 1/25/2025 | Credit reporting or other personal consumer reports | Incorrect information on your report |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

### YOUR COMPLAINT

Subject: Failure of Experian to Remove Negative Inquiries and Respond to Key Inquiries Regarding My Information; Request for $15 Million Settlement in Lawsuit Dear Sir/Madam, I am filing this complaint against Experian for their failure to remove inaccurate negative credit inquiries from my credit report and for their failure to provide a response to critical questions regarding the sale or use of my personal information. Additionally, I am requesting to be added as an individual to the ongoing lawsuit filed by the CFPB against Experian, Transition, Equifax, and to receive a $15 million settlement for the damages incurred due to their actions. Summary of Complaint: Failure to Remove Negative Inquiries: All three credit bureaus have failed to remove negative inquiries from my credit report despite my repeated requests and their legal obligation to do so under the Fair Credit Reporting Act (FCRA). These inquiries are inaccurate and negatively impact my credit score. Despite my valid dispute and following proper procedures for rectification, they have not

acted in compliance with the FCRA, which requires credit reporting agencies to correct or delete inaccurate information in a timely manner. Failure to Answer Critical Questions: In addition to the inaccurate inquiries, I asked Experian whether any of my personal information has been sold, used for securities, or involved in any kickbacks or unjust enrichment activities, including insurance claims, 1099B filings, or any securities generated from the use of my information. Experian has failed to adequately respond to these questions, which raises significant concerns regarding potential misuse of my personal data. Legal Basis for My Action: Under the Fair Credit Reporting Act (FCRA), credit bureaus have a responsibility to ensure that the information they report is accurate and to respond to inquiries from consumers in a timely and thorough manner. Experian's failure to address these critical issues constitutes a violation of my rights under the FCRA and the Privacy Act of 1974. Furthermore, based on the failure to respond to my questions, I have the right to act as a creditor and charge Experian a penalty fee. This fee is based on Experian's failure to comply with legal obligations and their inability to provide answers to important questions related to the handling of my personal data. Financial Remedy and UCC Filing: In accordance with my rights, I have added Experian as a debtor in my UCC3 filing with the Michigan Secretary of State. The filing serves as public notice and records Experian's obligation to settle this matter. I am hereby requesting that Experian remit a payment of $15,000,000 within 30 days from the date of this notice. This payment can be made via check, or alternatively, Experian may choose to settle via a 1099B IRS filing or use a Bill of Exchange as collateral for safekeeping and leveraging. Notice of Further Action: Failure to make this payment will result in an additional $15,000,000 penalty every 30 days thereafter until this matter is settled. I will also be sending this notice to the remaining credit bureaus (TransUnion and Equifax) for their record and validation, as they are similarly responsible for accurate reporting and ensuring that consumer information is not being misused. Request to Be Added to CFPB Lawsuit: I am aware that the Consumer Financial Protection Bureau (CFPB) has filed a lawsuit against Experian for their failure to comply with federal regulations concerning credit reporting and the misuse of personal data. I formally request to be added as an individual claimant in this lawsuit and to receive a $15 million settlement for the damages I have incurred due to Experian's negligence, failure to remove inaccurate information, and failure to respond to inquiries about the use of my personal information. Relevant Legal References: Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681: Governs the accuracy and handling of consumer credit information. Uniform Commercial Code (UCC): Specifically UCC Article 9, concerning security interests and filings. Privacy Act of 1974, 5 U.S.C. § 552a: Regulates the collection, use, and dissemination of personal information. Private Right of Action: Under both the FCRA and UCC, I reserve the right to pursue enforcement of my rights through private legal action, including the imposition of financial penalties. Violations of Additional CFR Laws: Experian's actions and failures also violate several provisions under the Code of Federal Regulations (CFR) that impact my rights and access to credit. Below are relevant CFR laws that Experian is violating: CFR Title 12 - Regulation V (FCRA Compliance), 12 CFR § 1022.41: This regulation mandates that credit reporting agencies must ensure the accuracy of the information they report, including removing inaccurate or outdated information. Experian's refusal to remove inaccurate inquiries despite my valid disputes constitutes a violation of

this provision, impacting the accuracy of my credit report. CFR Title 16 - Part 680 - Fair Credit Reporting Act (FCRA), 16 CFR § 680.1: Under this regulation, credit reporting agencies must provide clear and accurate information about consumers. Experian's failure to provide a timely and thorough response to my inquiries about the sale or use of my personal information (including potential securities and kickbacks) is a violation of my rights under this rule. Their failure to disclose such critical information has not only impacted my credit standing but also my ability to make informed financial decisions. CFR Title 16 - Part 600 - The Privacy Act, 16 CFR § 600.2: This regulation governs the use of personal data and establishes the rights of consumers to protect their information from misuse. By failing to respond to my inquiries regarding the sale or trade of my personal information, Experian may be in violation of privacy laws, potentially exposing me to risks of identity theft, fraud, and unauthorized financial activities. CFR Title 12 - Consumer Financial Protection Bureau Rules, 12 CFR § 1024.41: This law specifies that credit reporting agencies must respond promptly and thoroughly to disputes, correcting inaccuracies within a reasonable time frame. Experian's neglect to resolve my disputes regarding negative inquiries within the prescribed time frame is an additional violation of my rights under this provision. CFR Title 15 - Credit Reporting, 15 CFR § 1681i (Fair Credit Reporting Act): Under the FCRA, credit reporting agencies are obligated to investigate disputes and correct errors on credit reports. Experian's failure to act upon my disputes in a timely manner violates this section of the CFR, directly affecting my creditworthiness and financial opportunities. Impact on My Livelihood: Experian's ongoing violations have directly and severely impacted my livelihood by limiting my access to credit and financial opportunities. The failure to remove negative inquiries from my credit report has: Damaged My Credit Score: The presence of inaccurate and outdated inquiries has caused my credit score to decline, limiting my ability to qualify for loans, mortgages, and credit cards. Restricted Access to Loans and Mortgages: Due to the inflated negative inquiries on my report, I have been denied access to essential credit products, such as home loans or auto loans, which are crucial for both personal and business financial needs. Increased Financial Burden: The damage to my credit report and the delay in rectifying these inaccuracies has resulted in higher interest rates and fees for the credit products I have been able to obtain, increasing my overall financial burden. Limited Employment Opportunities: Certain employers, especially in the financial industry, conduct credit checks as part of their hiring process. Experian's failure to correct my credit report has adversely affected my employment opportunities, as I have been disqualified from job positions requiring a satisfactory credit report. Potential for Financial Fraud: Experian's failure to respond to my inquiries about the sale or use of my personal information creates the risk of unauthorized individuals using my data for financial fraud, identity theft, or other malicious activities. The lack of transparency and response from Experian puts me at a continued risk. Request for Resolution: I kindly request that the Consumer Financial Protection Bureau investigate all three credit bureaus failure to comply with federal and state laws concerning the accurate reporting of information, their failure to respond to my direct inquiry, and their continued disregard for my rights. I also seek guidance on how to best enforce the penalties I have outlined in this complaint, as well as my request to be included in the CFPB's lawsuit and the subsequent $15 million settlement. All prior Trustees acting in the interest of SOTERO

MONTELLANO LOPEZ III is hereby permanently terminated. Thank you for your attention to this serious issue. I look forward to a timely resolution.

**ATTACHMENTS**

A MEMOIR
(1).pdf (47.4 KB)

View full complaint 

# ✔ Sent to company

**STATUS**

Sent to company on 1/25/2025

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

# ✔ Company still working

**STATUS**

Company response is in progress as of 1/26/2025

## The company has responded that it is still working on your issue

In some cases, companies need more time to respond. You should receive a final response within 60 days from the date we sent your complaint to the company.

---

### COMPANY'S INTERIM RESPONSE

Equifax has received your complaint submitted through the CFPB portal. We need more time to review and thoroughly research your submission. Once we've completed our research, we will provide an updated response with our findings.

 # Company responded

**STATUS**

**RESPONSE TYPE**

Company responded on 2/23/2025

Closed with explanation

## Company's Response

Thank you for submitting your complaint through the CFPB Complaint Portal. In your complaint, you indicated that there were inaccurate items reporting on your credit file. Equifax has completed its investigation, including contacting the furnisher of the information, where applicable. A summary of the results are listed below: PLEASE BE SPECIFIC WITH YOUR CONCERNS BY LISTING THE ACCOUNT NAMES, NUMBERS, AND THE NATURE OF THE DISPUTE. IN REFERENCE TO YOUR QUESTION REGARDING INQUIRIES: INQUIRIES ARE A MATTER OF FACT AND ARE NOT ROUTINELY REMOVED FROM THE CREDIT FILE. THEY ARE A TRACKING RECORD AND A REQUIREMENT OF THE FAIR CREDIT REPORTING ACT. THEY MUST REMAIN ON THE FILE FOR TWO YEARS FOR EMPLOYMENT PURPOSES AND ONE YEAR FOR OTHER PURPOSES. HOWEVER, IT IS OUR POLICY TO RETAIN ALL INQUIRIES FOR TWO YEARS. INQUIRIES ARE ALSO FOR THE CONSUMERS BENEFIT, AS YOU HAVE A RIGHT TO KNOW WHAT FIRMS HAVE ACCESSED YOUR CREDIT FILE. We hope this resolves your concerns and, if applicable, a copy of the dispute results has been mailed to you. If you have any additional questions, you may call 1-888-EQUIFAX (888-378-4329) or you may visit www.myequifax.com. With myEquifax, you can create an account to manage your security freeze, add or remove fraud alerts, and initiate credit file disputes. Additionally you can access free Equifax credit reports and other products. You may also obtain a free copy of your credit report on annualcreditreport.com.

 **Feedback requested**

| STATUS | FEEDBACK DUE |
|---|---|
| Feedback requested on 2/23/2025 | 4/24/2025 |

### Provide feedback about the company's response

We welcome your feedback on how the company responded to your complaint. You will have 60 days from when the company responded to share your feedback. The CFPB will share your feedback responses with the company and use the information to help the CFPB's work with consumer complaints.

 **Closed**

The CFPB has closed your complaint.

Privacy Act Statement

OMB #3170-0011

Note on user experience

    Have a question? ¿Preguntas?

    (855) 411-2372

    TTY/TTD: (855) 729-2372

    8 a.m. to 8 p.m. ET, Monday through Friday (except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

    More than 180 languages available.

An official website of the United States Government

 An official website of the United States Government

 **Consumer Financial Protection Bureau**
(https://www.consumerfinance.gov/)

Start a new complaint

❮ All complaints (.)

# 250126-18334956

**CLOSED**

## ✔ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 1/25/2025 | Credit reporting or other personal consumer reports | Incorrect information on your report |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

Subject: Failure of Experian to Remove Negative Inquiries and Respond to Key Inquiries Regarding My Information; Request for $15 Million Settlement in Lawsuit Dear Sir/Madam, I am filing this complaint against Experian for their failure to remove inaccurate negative credit inquiries from my credit report and for their failure to provide a response to critical questions regarding the sale or use of my personal information. Additionally, I am requesting to be added as an individual to the ongoing lawsuit filed by the CFPB against Experian, Transition, Equifax, and to receive a $15 million settlement for the damages incurred due to their actions. Summary of Complaint: Failure to Remove Negative Inquiries: All three credit bureaus have failed to remove negative inquiries from my credit report despite my repeated requests and their legal obligation to do so under the Fair Credit Reporting Act (FCRA). These inquiries are inaccurate and negatively impact my credit score. Despite my valid dispute and following proper procedures for rectification, they have not

acted in compliance with the FCRA, which requires credit reporting agencies to correct or delete inaccurate information in a timely manner. Failure to Answer Critical Questions: In addition to the inaccurate inquiries, I asked Experian whether any of my personal information has been sold, used for securities, or involved in any kickbacks or unjust enrichment activities, including insurance claims, 1099B filings, or any securities generated from the use of my information. Experian has failed to adequately respond to these questions, which raises significant concerns regarding potential misuse of my personal data. Legal Basis for My Action: Under the Fair Credit Reporting Act (FCRA), credit bureaus have a responsibility to ensure that the information they report is accurate and to respond to inquiries from consumers in a timely and thorough manner. Experian's failure to address these critical issues constitutes a violation of my rights under the FCRA and the Privacy Act of 1974. Furthermore, based on the failure to respond to my questions, I have the right to act as a creditor and charge Experian a penalty fee. This fee is based on Experian's failure to comply with legal obligations and their inability to provide answers to important questions related to the handling of my personal data. Financial Remedy and UCC3 Filing: In accordance with my rights, I have added Experian as a debtor in my UCC3 filing with the Michigan Secretary of State. The filing serves as public notice and records Experian's obligation to settle this matter. I am hereby requesting that Experian remit a payment of $15,000,000 within 30 days from the date of this notice. This payment can be made via check, or alternatively, Experian may choose to settle via a 1099B IRS filing or use a Bill of Exchange as collateral for safekeeping and leveraging. Notice of Further Action: Failure to make this payment will result in an additional $15,000,000 penalty every 30 days thereafter until this matter is settled. I will also be sending this notice to the remaining credit bureaus (TransUnion and Equifax) for their record and validation, as they are similarly responsible for accurate reporting and ensuring that consumer information is not being misused. Request to Be Added to CFPB Lawsuit: I am aware that the Consumer Financial Protection Bureau (CFPB) has filed a lawsuit against Experian for their failure to comply with federal regulations concerning credit reporting and the misuse of personal data. I formally request to be added as an individual claimant in this lawsuit and to receive a $15 million settlement for the damages I have incurred due to Experian's negligence, failure to remove inaccurate information, and failure to respond to inquiries about the use of my personal information. Relevant Legal References: Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681: Governs the accuracy and handling of consumer credit information. Uniform Commercial Code (UCC): Specifically UCC Article 9, concerning security interests and filings. Privacy Act of 1974, 5 U.S.C. § 552a: Regulates the collection, use, and dissemination of personal information. Private Right of Action: Under both the FCRA and UCC, I reserve the right to pursue enforcement of my rights through private legal action, including the imposition of financial penalties. Violations of Additional CFR Laws: Experian's actions and failures also violate several provisions under the Code of Federal Regulations (CFR) that impact my rights and access to credit. Below are relevant CFR laws that Experian is violating: CFR Title 12 - Regulation V (FCRA Compliance), 12 CFR § 1022.41: This regulation mandates that credit reporting agencies must ensure the accuracy of the information they report, including removing inaccurate or outdated information. Experian's refusal to remove inaccurate inquiries despite my valid disputes constitutes a violation of

DR 08/12/2025 (Docket 5) 52.499787.89010095

this provision, impacting the accuracy of my credit report. CFR Title 16 - Part 680 - Fair Credit Reporting Act (FCRA), 16 CFR § 680.1: Under this regulation, credit reporting agencies must provide clear and accurate information about consumers. Experian's failure to provide a timely and thorough response to my inquiries about the sale or use of my personal information (including potential securities and kickbacks) is a violation of my rights under this rule. Their failure to disclose such critical information has not only impacted my credit standing but also my ability to make informed financial decisions. CFR Title 16 - Part 600 - The Privacy Act, 16 CFR § 600.2: This regulation governs the use of personal data and establishes the rights of consumers to protect their information from misuse. By failing to respond to my inquiries regarding the sale or trade of my personal information, Experian may be in violation of privacy laws, potentially exposing me to risks of identity theft, fraud, and unauthorized financial activities. CFR Title 12 - Consumer Financial Protection Bureau Rules, 12 CFR § 1024.41: This law specifies that credit reporting agencies must respond promptly and thoroughly to disputes, correcting inaccuracies within a reasonable time frame. Experian's neglect to resolve my disputes regarding negative inquiries within the prescribed time frame is an additional violation of my rights under this provision. CFR Title 15 - Credit Reporting, 15 CFR § 1681i (Fair Credit Reporting Act): Under the FCRA, credit reporting agencies are obligated to investigate disputes and correct errors on credit reports. Experian's failure to act upon my disputes in a timely manner violates this section of the CFR, directly affecting my creditworthiness and financial opportunities. Impact on My Livelihood: Experian's ongoing violations have directly and severely impacted my livelihood by limiting my access to credit and financial opportunities. The failure to remove negative inquiries from my credit report has: Damaged My Credit Score: The presence of inaccurate and outdated inquiries has caused my credit score to decline, limiting my ability to qualify for loans, mortgages, and credit cards. Restricted Access to Loans and Mortgages: Due to the inflated negative inquiries on my report, I have been denied access to essential credit products, such as home loans or auto loans, which are crucial for both personal and business financial needs. Increased Financial Burden: The damage to my credit report and the delay in rectifying these inaccuracies has resulted in higher interest rates and fees for the credit products I have been able to obtain, increasing my overall financial burden. Limited Employment Opportunities: Certain employers, especially in the financial industry, conduct credit checks as part of their hiring process. Experian's failure to correct my credit report has adversely affected my employment opportunities, as I have been disqualified from job positions requiring a satisfactory credit report. Potential for Financial Fraud: Experian's failure to respond to my inquiries about the sale or use of my personal information creates the risk of unauthorized individuals using my data for financial fraud, identity theft, or other malicious activities. The lack of transparency and response from Experian puts me at a continued risk. Request for Resolution: I kindly request that the Consumer Financial Protection Bureau investigate all three credit bureaus failure to comply with federal and state laws concerning the accurate reporting of information, their failure to respond to my direct inquiry, and their continued disregard for my rights. I also seek guidance on how to best enforce the penalties I have outlined in this complaint, as well as my request to be included in the CFPB's lawsuit and the subsequent $15 million settlement. All prior Trustees acting in the interest of SOTERO

MONTELLANO LOPEZ III is hereby permanently terminated. Thank
you for your attention to this serious issue. I look forward to a timely
resolution.

**ATTACHMENTS**

A MEMOIR
(1).pdf (47.4 KB)

View full complaint ➕

## ✅ Sent to
## company

**STATUS**

Sent to
company on
1/25/2025

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response
is in progress and provide a final response in 60 days.

## ✅ Company
## still working

**STATUS**

Company
response is in
progress as of
1/26/2025

## The company has responded that it is still working on your issue

In some cases, companies need more time to respond. You should receive a final response within 60
days from the date we sent your complaint to the company.

---

**COMPANY'S INTERIM RESPONSE**

We received your complaint about the items in your credit report, and
apologize for any difficulty you may have experienced. We are currently
reviewing your complaint along with the information you previously
submitted regarding this issue. We will follow-up with you within sixty
(60) days from the date you submitted your request.

 Company
responded

**STATUS**

Company
responded
on
3/5/2025

**RESPONSE
TYPE**

Closed with
explanation

### Company's Response

After careful review, we have determined the information submitted in the
portal included a dispute of information appearing on your credit report.
In order to process your request we need clarification regarding your
dispute. We sent you a letter to request the name of the specific item, the
reason you are disputing it and included instructions on where to send it.
Based on your request we sent you a letter to inform you we are
investigating the information you disputed and to request proof of address
that included a list of acceptable documents and instructions on where to
send it.

### Feedback
requested

**STATUS**

Feedback
requested
on
3/5/2025

**FEEDBACK
DUE**

5/4/2025

### Provide feedback about the company's response

We welcome your feedback on how the company responded to your complaint. You will have 60 days
from when the company responded to share your feedback. The CFPB will share your feedback
responses with the company and use the information to help the CFPB's work with consumer
complaints.

### Closed

DR 08/12/2025 (DOCKET# 2:25-cv-03070895-

The CFPB has closed your complaint.

---

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question? ¿Preguntas?

(855) 411-2372

TTY/TTD: (855) 729-2372

8 a.m. to 8 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-
holidays/#url=Overview)

More than 180 languages available.

---

An official website of the United States Government

 An official website of the United States Government

 **Consumer Financial Protection Bureau** (https://www.consumerfinance.gov/)

Start a new complaint

❮ All complaints (.)

# 250126-18334843

**CLOSED**

## ✅ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 1/25/2025 | Credit reporting or other personal consumer reports | Incorrect information on your report |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

### YOUR COMPLAINT

Subject: Failure of Experian to Remove Negative Inquiries and Respond to Key Inquiries Regarding My Information; Request for $15 Million Settlement in Lawsuit Dear Sir/Madam, I am filing this complaint against Experian for their failure to remove inaccurate negative credit inquiries from my credit report and for their failure to provide a response to critical questions regarding the sale or use of my personal information. Additionally, I am requesting to be added as an individual to the ongoing lawsuit filed by the CFPB against Experian, Transition, Equifax, and to receive a $15 million settlement for the damages incurred due to their actions. Summary of Complaint: Failure to Remove Negative Inquiries: All three credit bureaus have failed to remove negative inquiries from my credit report despite my repeated requests and their legal obligation to do so under the Fair Credit Reporting Act (FCRA). These inquiries are inaccurate and negatively impact my credit score. Despite my valid dispute and following proper procedures for rectification, they have not

acted in compliance with the FCRA, which requires credit reporting
agencies to correct or delete inaccurate information in a timely manner.
Failure to Answer Critical Questions: In addition to the inaccurate
inquiries, I asked Experian whether any of my personal information has
been sold, used for securities, or involved in any kickbacks or unjust
enrichment activities, including insurance claims, 1099B filings, or any
securities generated from the use of my information. Experian has failed
to adequately respond to these questions, which raises significant
concerns regarding potential misuse of my personal data. Legal Basis for
My Action: Under the Fair Credit Reporting Act (FCRA), credit bureaus
have a responsibility to ensure that the information they report is accurate
and to respond to inquiries from consumers in a timely and thorough
manner. Experian's failure to address these critical issues constitutes a
violation of my rights under the FCRA and the Privacy Act of 1974.
Furthermore, based on the failure to respond to my questions, I have the
right to act as a creditor and charge Experian a penalty fee. This fee is
based on Experian's failure to comply with legal obligations and their
inability to provide answers to important questions related to the handling
of my personal data. Financial Remedy and UCC3 Filing: In accordance
with my rights, I have added Experian as a debtor in my UCC3 filing with
the Michigan Secretary of State. The filing serves as public notice and
records Experian's obligation to settle this matter. I am hereby requesting
that Experian remit a payment of $15,000,000 within 30 days from the
date of this notice. This payment can be made via check, or alternatively,
Experian may choose to settle via a 1099B IRS filing or use a Bill of
Exchange as collateral for safekeeping and leveraging. Notice of Further
Action: Failure to make this payment will result in an additional
$15,000,000 penalty every 30 days thereafter until this matter is settled. I
will also be sending this notice to the remaining credit bureaus
(TransUnion and Equifax) for their record and validation, as they are
similarly responsible for accurate reporting and ensuring that consumer
information is not being misused. Request to Be Added to CFPB Lawsuit:
I am aware that the Consumer Financial Protection Bureau (CFPB) has
filed a lawsuit against Experian for their failure to comply with federal
regulations concerning credit reporting and the misuse of personal data. I
formally request to be added as an individual claimant in this lawsuit and
to receive a $15 million settlement for the damages I have incurred due to
Experian's negligence, failure to remove inaccurate information, and
failure to respond to inquiries about the use of my personal information.
Relevant Legal References: Fair Credit Reporting Act (FCRA), 15 U.S.C.
§ 1681: Governs the accuracy and handling of consumer credit
information. Uniform Commercial Code (UCC): Specifically UCC Article
9, concerning security interests and filings. Privacy Act of 1974, 5 U.S.C.
§ 552a: Regulates the collection, use, and dissemination of personal
information. Private Right of Action: Under both the FCRA and UCC, I
reserve the right to pursue enforcement of my rights through private legal
action, including the imposition of financial penalties. Violations of
Additional CFR Laws: Experian's actions and failures also violate several
provisions under the Code of Federal Regulations (CFR) that impact my
rights and access to credit. Below are relevant CFR laws that Experian is
violating: CFR Title 12 - Regulation V (FCRA Compliance), 12 CFR §
1022.41: This regulation mandates that credit reporting agencies must
ensure the accuracy of the information they report, including removing
inaccurate or outdated information. Experian's refusal to remove
inaccurate inquiries despite my valid disputes constitutes a violation of

Case 2:25-cv-12733-MFL-EAS ECF No. 1, PageID.66 Filed 08/29/25 Page 66 of 79

this provision, impacting the accuracy of my credit report. CFR Title 16 -
Part 680 - Fair Credit Reporting Act (FCRA), 16 CFR § 680.1: Under this
regulation, credit reporting agencies must provide clear and accurate
information about consumers. Experian's failure to provide a timely and
thorough response to my inquiries about the sale or use of my personal
information (including potential securities and kickbacks) is a violation of
my rights under this rule. Their failure to disclose such critical
information has not only impacted my credit standing but also my ability
to make informed financial decisions. CFR Title 16 - Part 600 - The
Privacy Act, 16 CFR § 600.2: This regulation governs the use of personal
data and establishes the rights of consumers to protect their information
from misuse. By failing to respond to my inquiries regarding the sale or
trade of my personal information, Experian may be in violation of privacy
laws, potentially exposing me to risks of identity theft, fraud, and
unauthorized financial activities. CFR Title 12 - Consumer Financial
Protection Bureau Rules, 12 CFR § 1024.41: This law specifies that credit
reporting agencies must respond promptly and thoroughly to disputes,
correcting inaccuracies within a reasonable time frame. Experian's
neglect to resolve my disputes regarding negative inquiries within the
prescribed time frame is an additional violation of my rights under this
provision. CFR Title 15 - Credit Reporting, 15 CFR § 1681i (Fair Credit
Reporting Act): Under the FCRA, credit reporting agencies are obligated
to investigate disputes and correct errors on credit reports. Experian's
failure to act upon my disputes in a timely manner violates this section of
the CFR, directly affecting my creditworthiness and financial
opportunities. Impact on My Livelihood: Experian's ongoing violations
have directly and severely impacted my livelihood by limiting my access
to credit and financial opportunities. The failure to remove negative
inquiries from my credit report has: Damaged My Credit Score: The
presence of inaccurate and outdated inquiries has caused my credit score
to decline, limiting my ability to qualify for loans, mortgages, and credit
cards. Restricted Access to Loans and Mortgages: Due to the inflated
negative inquiries on my report, I have been denied access to essential
credit products, such as home loans or auto loans, which are crucial for
both personal and business financial needs. Increased Financial Burden:
The damage to my credit report and the delay in rectifying these
inaccuracies has resulted in higher interest rates and fees for the credit
products I have been able to obtain, increasing my overall financial
burden. Limited Employment Opportunities: Certain employers,
especially in the financial industry, conduct credit checks as part of their
hiring process. Experian's failure to correct my credit report has adversely
affected my employment opportunities, as I have been disqualified from
job positions requiring a satisfactory credit report. Potential for Financial
Fraud: Experian's failure to respond to my inquiries about the sale or use
of my personal information creates the risk of unauthorized individuals
using my data for financial fraud, identity theft, or other malicious
activities. The lack of transparency and response from Experian puts me
at a continued risk. Request for Resolution: I kindly request that the
Consumer Financial Protection Bureau investigate all three credit bureaus
failure to comply with federal and state laws concerning the accurate
reporting of information, their failure to respond to my direct inquiry, and
their continued disregard for my rights. I also seek guidance on how to
best enforce the penalties I have outlined in this complaint, as well as my
request to be included in the CFPB's lawsuit and the subsequent $15
million settlement. All prior Trustees acting in the interest of SOTERO

MONTELLANO LOPEZ III is hereby permanently terminated. Thank you for your attention to this serious issue. I look forward to a timely resolution.

**ATTACHMENTS**

A MEMOIR
(1).pdf (47.4 KB)

View full complaint ⊕

## ✓ Sent to company

**STATUS**

Sent to company on 1/25/2025

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

## ✓ Company still working

**STATUS**

Company response is in progress as of 1/28/2025

## The company has responded that it is still working on your issue

In some cases, companies need more time to respond. You should receive a final response within 60 days from the date we sent your complaint to the company.

---

**COMPANY'S INTERIM RESPONSE**

Thank you for submitting your complaint on January 25, 2025, through the CFPB Complaint Portal. We appreciate consumers who take the time to let us know about their experiences with our company. We will review your complaint and act accordingly. Once the review is completed a final response will be forwarded to you to view. For additional assistance, you may call the toll-free telephone number provided on your personal credit report obtained directly from Experian, or write to Experian at P.O. Box

9701, Allen, TX 75013. For more information regarding your credit and
frequently asked questions, you may visit:
http://www.experian.com/blogs/ask-experian. Please note that you may
also submit your request or documents supporting your claim
electronically at www.experian.com/upload. You may also visit
Experianâ€™s dispute center by visitingwww.experian.com/dispute.
Thank you for submitting your complaint through the CFPB Complaint
Portal. It is our policy to respond to consumer disputes swiftly and to take
each one seriously. We appreciate you letting us know about your
experience with Experian. Experian's Official Credit Advice Blog Credit
advice with readers' questions answered by Experian's experts. Popular
topics from credit reports and scores to life events, id theft and fraud.
Experian's Official Credit Advice Blog Credit advice with readers'
questions answered by Experian's experts. Popular topics from credit
reports and scores to life events, id theft and fraud.

 # Company
responded

| STATUS | RESPONSE TYPE |
| --- | --- |
| Company responded on 3/26/2025 | Closed with explanation |

### Company's Response

Thank you for submitting your complaint on January 25, 2025, through
the CFPB Complaint Portal. We appreciate consumers who take the time
to let us know about their experiences with our company.    We have
reviewed and considered the information you have supplied through the
CFPB portal and directly to Experian. In your complaint, you are
requesting to have the bankruptcy removed from your credit report. At
your request to conduct a reinvestigation, we contacted the public record
vendor and asked them to verify the accuracy of the information with
which you disagree. They responded and verified that the disputed
information was accurate as reported. The result summary was sent to you
for review. If you have any additional supporting new documentation
regarding the disputed information, you may forward that to Experian for
further review.  Bankruptcies are a matter of public record. Although the
court where the disputed public records are filed may not report this type
of data, a vendor may collect this data directly from the court's public
records and supply that information to Experian.Experian's method of
verification for public records complies with the requirements of the Fair
Credit Reporting Act (FCRA).  According to the Fair Credit Reporting
Act, our role in the dispute process is to review the accuracy and
completeness of any disputed item which may include contacting the
furnisher of the information or the vendor that collected the information
from a public record source and notifying them of the dispute and

disclosing all relevant information regarding your dispute. When we contact the furnisher or vendor, we ask that they verify all of the information regarding the item you disputed and report back within 30 days of the date that we received your request (21 days for Maine residents). To help resolve the dispute, we will review all relevant documents submitted with the dispute and will forward them to the furnisher if we are unable to resolve the issue. We review and consider the furnisher's or vendor's response to determine whether to accept it, reject it, or follow up for additional information. If, after processing, we find that the disputed information is inaccurate, incomplete or cannot be verified, we then delete or modify that information, as appropriate. If we do not receive a response from the furnisher or the vendor within the required period, we update the item as you have requested or delete the information and send you the results. In some instances, we are able to determine whether the disputed information should be changed or deleted without having to contact the furnisher or the vendor. After we complete our processing, we send you the results. If you question the results of our dispute process, you may also contact the furnisher of information directly. Please refer to your credit report for the furnisher or public records office name, address, and phone number (if available). For more details, please visit Experian.com/disputeprocess. If you disagree with the results of the reinvestigations, it is your legal right, under the FCRA, to add a 100-word statement specifying the nature of your dispute. The consumer statement will appear on your credit report and be viewable upon inquiry. If you would like our assistance in providing a concise statement, please contact us directly at the telephone number or address provided on your personal credit report and we would be happy to assist you. You may refer to the credit report that you received for the name, phone number (if available) and address of the data furnisher who verified that information. Please note that accurate information cannot be deleted. Potentially negative items, such as missed or late payments, remains on the personal credit report for seven years from the date of the original missed payment. Please note that you may also submit your request or documents supporting your claim electronically at www.experian.com/upload. You may also visit Experian's dispute center by visiting www.experian.com/dispute. For additional assistance, you may call the toll-free telephone number provided on your personal credit report obtained directly from Experian, or write to Experian at P.O. Box 9701, Allen, TX 75013. For more information regarding your credit and frequently asked questions, you may visit: http://www.experian.com/blogs/ask-experian. Thank you for submitting your dispute through the CFPB Complaint Portal. It is our policy to respond to consumer complaints swiftly and to take each complaint seriously. We appreciate you letting us know about your experiences with Experian.

 **Feedback requested**

| STATUS | FEEDBACK DUE |
|--------|--------------|
| Feedback requested on 3/26/2025 | 5/25/2025 |

## Provide feedback about the company's response

We welcome your feedback on how the company responded to your complaint. You will have 60 days from when the company responded to share your feedback. The CFPB will share your feedback responses with the company and use the information to help the CFPB's work with consumer complaints.

❌ **Closed**

The CFPB has closed your complaint.

---

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question? ¿Preguntas?

(855) 411-2372

TTY/TTD: (855) 729-2372

8 a.m. to 8 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

More than 180 languages available.

🇺🇸 An official website of the United States Government



Sateko M. Lane III-Fr
Sweeor Individual Blootsivoliral Trust
% P.O. Box 40261
Redford Twp MI 48240

**CERTIFIED MAIL**

7022 3330 0000 4761 1061

Trans Union, LLC

Attention: Office of General Counsel

555 W. Adams

Chicago, IL 60661

RETURN RECEIPT
REQUESTED

**handle with Care / Fragile**

U.S. POSTAGE PAID
FCM LG ENV
REDFORD, MI 48239
AUG 05, 2025
$14.44
S2324P504003-10

Retail

80881

RDC 99

how2recycle.info

USA ONLY

Recycle If
Clean & Dry    Store
Drop-off    Remove
From Pouch

PLASTIC
POUCH    PAPER
LABEL

MOISTURE RESISTANT

# EXHIBIT C

Proof of Service for Trans Union LLC

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

Case No.: 25-011815-CZ
Plaintiff: **SOTERO MONTELLANO LOPEZ III**
Defendant: **EXPERIAN INFORMATION SOLUTIONS, INC., ET AL.**
Private CUSIP No.: **CUSIP-5D8F7A3B21**
Document Control No.: **DOC-8C2E4F19**

**Prior or Related Cases:** There are no prior, pending, or related cases involving the same parties, facts, or issues currently before this or any other court.

**Case Code Number.:** CZ

---

## PROOF OF SERVICE

(MCR 2.107, MCR 2.105, and MCR 2.108)

I, the undersigned, declare and state as follows:

On **August 11, 2025**, I served a true and correct copy of the **Summons and Complaint** upon the following Defendant in the above-captioned matter via **United States Postal Service Certified Mail, Return Receipt Requested**, in compliance with **MCR 2.105(A)(2)**:

**TransUnion, LLC**
 555 W. Adams Street
 Chicago, IL 60661

Delivery was confirmed by the United States Postal Service tracking records, which reflect that the item was **delivered on August 11, 2025**. Pursuant to **MCR 2.108(A)(1)**, the Defendant must serve their answer or otherwise respond **on or before September 2, 2025**.

Service is therefore complete under Michigan Court Rules.

**I declare under penalty of perjury** under the laws of the State of Michigan that the foregoing is true and correct.

Executed this **12th day of August, 2025**, in **Redford Charter Township, Michigan**.

By: Sotero M. Lopez III ©™; Ex.

Sotero M. Lopez III, Sui Juris.
℅ P.O. BOX 40261

*Document received by the MI Wayne 3rd Circuit Court.*

Redford Charter Township, Michigan, 48240.
 +1-586-565-0977
soteromlopez@proton.me

Document received by the MI Wayne 3rd Circuit Court.

Remove ✕

**Tracking Number:**

# 70223330000047611061

 Copy    ⚡ Add to Informed Delivery

**Latest Update**

Your item was delivered to the front desk, reception area, or mail room at 9:51 am on August 11, 2025 in CHICAGO, IL 60606.

**Get More Out of USPS Tracking:**
🔍 USPS Tracking Plus®

● **Delivered**
**Delivered, Front Desk/Reception/Mail Room**
CHICAGO, IL 60606
August 11, 2025, 9:51 am

● **Available for Pickup**
CHICAGO CENT CARRIER ANNEX
433 W HARRISON ST FL 3W
CHICAGO IL 60699-9901
M-F 0800-1800; SAT 0800-1700
August 9, 2025, 1:02 pm

● **Arrived at Post Office**
CHICAGO, IL 60699
August 9, 2025, 12:48 pm

● **Out for Delivery**
CHICAGO, IL 60661
August 9, 2025, 6:10 am

● **In Transit to Next Facility**
August 8, 2025

● **Arrived at USPS Regional Facility**
CHICAGO IL DISTRIBUTION CENTER
August 8, 2025, 6:06 pm

Document received by the MI Wayne 3rd Circuit Court.

Document received by the MI Wayne 3rd Circuit

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
**Domestic Mail Only**

For delivery information, visit our website at *www.usps.com®*.

Chicago IL 60661

OFFICIAL USE

| | | |
|---|---|---|
| Certified Mail Fee $5.30 | | 0239 |
| $ | $4.40 | 10 |

Extra Services & Fees *(check box, add fee as appropriate)*
- ☐ Return Receipt (hardcopy)        $ $0.00
- ☐ Return Receipt (electronic)      $ $0.00
- ☐ Certified Mail Restricted Delivery $ $0.00
- ☐ Adult Signature Required         $ $0.00
- ☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$4.74

$

Total Postage and Fees
$14.44
$

08/05/2025

Sent To    Transunion, LLC

Street and Apt. No., or PO Box No.    555 W. Adams

City, State, ZIP+4®    Chicago, IL, 60661

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

1901 7424 0000 0333 2202

# EXHIBIT D
Experian's Consent to Removal

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN (DETROIT)

SOTERO MONTELLANO LOPEZ III,      CASE NO. 2:25-cv-12733
       Plaintiff,

   vs.

EXPERIAN INFORMATION      Judge
SOLUTIONS, INC.;      Magistrate Judge
TRANSUNION LLC; and
EQUIFAX INFORAMTION
SERVICES LLC;
       Defendants.

## EXPERIAN INFORMATION SOLUTIONS, INC.'S
## CONSENT TO REMOVAL

Defendant Experian Information Solutions, Inc. acknowledges its consent to removal of this action from the Circuit Court of Wayne County, Michigan to the United States District Court for the Eastern District of Michigan.

Dated:  August 27, 2025       */s/ Kathryn Gasior*
      Kathryn Gasior (#037062)
      TROUTMAN PEPPER LOCKE LLP
      4000 Town Center, Suite 1800
      Southfield, MI 48075
      Tel.:  248.359.7335
      Fax:  248.359.7700
      Kathryn.Gasior@troutman.com

      *Attorney for Experian Information*
      *Solutions, Inc.*