UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SOTERO MONTELLANO LOPEZ III,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION LLC, *et al.*,<br><br>Defendants. | Case No. 25-cv-12733<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER TO SERVE DEFENDANT EQUIFAX AND
DENYING PLAINTIFF'S MOTIONS TO STRIKE, TO COMPEL
DISCOVERY, TO COMPEL SETTLEMENT, AND FOR ENTRY OF A
SCHEDULING ORDER
(ECF NOS. 7, 8, 9, 14)**

Defendant Trans Union LLC removed this action from Wayne County Circuit Court under 28 U.S.C. §§ 1441 and 1446, claiming subject-matter jurisdiction under 28 U.S.C. § 1331.  ECF No. 1.  The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 11.  Plaintiff Sotero Montellano Lopez III filed four motions, all of which are **DENIED** for the reasons addressed below.

Lopez moves to strike Trans Union's answer, arguing that its asserted defenses lack merit.  ECF No. 7.  "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ P. 12(f).  "A defense is insufficient if as a matter of law, the defense cannot succeed under any circumstances." *Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F. Supp. 3d 818, 823 (E.D. Mich. 2015) (cleaned up).  But a defense should not be stricken if its insufficiency "is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits."  *Id.* (cleaned up).  Motions to strike are disfavored and should be used sparingly; it is a drastic remedy and "should be granted only when the pleading to be stricken has no possible relation to the controversy."  *Id.* (cleaned up).

Lopez contends that some of Trans Union's defenses are boilerplate and unsupported by factual allegations.  ECF No. 7.  But "[e]ven if pled in a boilerplate manner, those defenses raise questions of law or fact that are reasonably pertinent to some or all of [Lopez's] claims.  Such questions should not be resolved on a motion to strike."  *Mockeridge v. Alcona Cnty. by Bd. of Comm'rs*, 599 F. Supp. 3d 561, 571 (E.D. Mich. 2022).  "[F]ederal courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as best

2

determined only after further development."  5C Wright & Miller, Federal Practice & Procedure § 1381 (4th ed.).

Lopez makes other undeveloped arguments challenging the merits of Trans Union's defenses, which the Court deems waived.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." (cleaned up)).

Next, Lopez seeks to compel discovery and a forensic accounting. ECF No. 8.  This motion is premature.  Federal Rule of Civil Procedure 26(d)(1) precludes parties from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  The parties have not conferred as required under Rule 26(f), and none of the exceptions to this rule apply.

Lopez also seeks to compel defendants to accept his settlement offer.  ECF No. 8.  While courts may encourage litigants to negotiate about the possibility of settlement, they cannot force parties to settle.  *United*

*States v. LaCroix*, 166 F.3d 921, 922 (7th Cir. 1999); *In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir. 1993).  Thus, the Court lacks the authority to compel defendants to accept a settlement offer.

Last, Lopez moves for entry of a scheduling order.  ECF No. 14. Entering a scheduling order is premature because the parties have not yet met and conferred about discovery or submitted a joint discovery plan as required under Rule 26(f).  But more fundamentally, Lopez has not shown that he has properly served Defendant Equifax Information Services LLC.

Lopez stated that he served the summons and complaint on Equifax by certified mail addressed to its registered agent and principal business office.  ECF No. 12, PageID.252.  But the return receipt shows that the mailing was addressed to Equifax at P.O. Box 740241, Atlanta, GA 30374, and was stamped received on August 19, 2025, by James McKellar.  *Id.*, PageID.255.  This address appears to be a general mailing address for Equifax.

Under Federal Rule of Civil Procedure 4(h), a plaintiff must serve a corporation:

> (A)  in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B)  by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of

4

process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Rule 4(h)(1)(b) "authorizes service of process by mailing *and* personally serving a copy of the summons and complaint." *Lu v. SAP Am., Inc.*, No. 22-1253, 2022 WL 13983546, at *4 (6th Cir. Oct. 24, 2022).

Rule 4(e)(1) authorizes service by following state-law service methods in the state where the district court is located or where service is made. In Michigan, a plaintiff may serve a corporation by:

(1) serving a summons and a copy of the complaint on an officer or the resident agent;

(2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation.

(3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;

(4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if: (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law; (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or (c) the corporation's term of existence has expired.

Mich. Ct. R. 2.105(D).  "Read in its entirety, Rule 2.105(D) makes clear that 'serving' is not synonymous with 'sending' by mail."  *Lu*, 2022 WL 13983546, at *4.  Thus, subsections 1 through 3 are not satisfied without personal service.  *Id.*

Likewise, in Georgia, "service of process must be made on a corporation by personally serving the president or other officer of such corporation or foreign corporation, managing agent thereof, or a registered agent thereof."  *Bright Works Eng'g, PLLC v. Camatic Proprietary Ltd.*, No. 25-10446, 2025 WL 1939155, at *2 (E.D. Mich. Apr. 14, 2025) (cleaned up); Ga. Code Ann. § 9-11-4(e)(1)(A).  If service cannot be made on an agent, "a plaintiff may serve the Secretary of State as a method of alternative service after showing diligent attempts at service of process, but initial service on a corporation 'by certified mail alone [is] not sufficient.'"  *Id.* (quoting *Hunt v. Nationstar Mortg., LLC*, 684 F. App'x 938, 941 (11th Cir. 2017)).

Thus, under federal, Michigan, and Georgia law, Lopez needed to personally serve Equifax.  He has not done so.

Rule 4(m) permits plaintiffs 90 days after the complaint is filed to serve defendants.  If service is not completed within that timeframe, "the court—on motion or on its own after notice to the plaintiff—must dismiss

the action without prejudice against that defendant or order that service be made within a specified time" unless the plaintiff can show good cause for the failure to serve.  Fed. R. Civ. P 4(m).

Lopez filed the complaint on August 29, 2025, and the 90-day service window will lapse on **November 28, 2025**.  Lopez must serve Equifax in accordance with federal or the applicable state law and file proof of service by that date.  Failure to do so or to show good cause for an extension will lead to a recommendation to dismiss Equifax from the lawsuit under Rule 4(m) and for failure to prosecute under Rule 41(b).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 25, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 25, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager

8