UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SOTERO MONTELLANO LOPEZ III,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>TRANS UNION LLC, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 25-cv-12733<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTIONS FOR EARLY DISCOVERY AND TO STRIKE
(ECF NOS. 25, 26)**

　　　　Defendant Trans Union LLC removed this action from Wayne County Circuit Court under 28 U.S.C. §§ 1441 and 1446, claiming subject-matter jurisdiction under 28 U.S.C. § 1331.  ECF No. 1.  The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 11.  Plaintiff Sotero Montellano Lopez III moves for early discovery and to strike portions of Trans Union's responses to motions.

　　　　Parties generally "may not seek discovery from any source before conferring as required by [Federal Rule of Civil Procedure] 26(f)" unless

authorized by the rules, stipulation, or court order.  Fed. R. Civ. P. 26(d)(1) (cleaned up).  "[W]hen reviewing a request for early discovery, courts often consider whether the requesting party has demonstrated 'good cause.'" *Simpson v. Doe #1-2*, No. 21-10877, 2021 WL 8084521, at *1 (E.D. Mich. May 7, 2021) (citing 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2046.1 (3d ed. 2021)).  Relevant factors include "the purpose for requesting expedited discovery, the breadth of discovery sought, and the possible harm to the defendants or other responding parties if the request is granted." *Ward v. Alcar Recovery, LLC*, No. 2:23-CV-10157, 2023 WL 3026684, at *1 (E.D. Mich. Apr. 20, 2023).

Lopez has shown no good cause for early discovery.  While he argues that evidence may be destroyed under defendants' retention policies, these concerns are speculative.  Defendants, as well as Lopez, are "under an ongoing duty to preserve evidence which [they know] or reasonably should know is relevant to this action." *Floyd v. 24 Hour Fitness USA, LLC*, No. 23-cv-00871, 2024 WL 710617, at *3 (N.D. Cal. Feb. 21, 2024); *see also Hubbuch v. Capital One, N.A.*, No. 25-CV-406, 2025 WL 2161238, at *1-2 (S.D.N.Y. Feb. 3, 2025) (rejecting argument that early discovery was warranted to preserve critical evidence as "entirely conclusory and speculative," given the defendant's obligation to preserve

2

evidence).  And Lopez offers no support for his assertion that defendants will spoliate evidence.  This motion is thus **DENIED**.

Lopez also asks the Court to strike under Rule 12(f) allegedly offensive language from Trans Union's responses to Lopez's motions. Lopez disputes Trans Union's statements that his "complaint is a disorganized mess," that his motion was "confusing" and "difficult to follow," and asking the Court to award fees for responding to a frivolous motion. ECF No. 26, PageID.351-352 (quoting ECF No. 15, PageID.272; ECF No. 16, PageID.275; ECF No. 17, PageID.279).  Lopez also challenges Trans Union's quotation from another case: "Judge McMahon from the Southern District of New York famously stated, '[t]here is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's time.'"  ECF No. 15, PageID.265 (quoting *Raymond Weil, S.A. v. Theron*, 585 F. Supp. 2d 473, 489-90 (S.D.N.Y. 2008)).

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ P. 12(f).  Motions to strike are disfavored and should be used sparingly; it is a drastic remedy and "should be granted only when the pleading to be stricken has no possible relation to the controversy."  *Hemlock*

*Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F. Supp. 3d 818, 823 (E.D. Mich. 2015) (cleaned up).

"Under Fed. R. Civ. P. 12(f), a court may strike only material that is contained in the pleadings." *Fox v. Mich. State Police Dep't*, 174 F. App'x 372, 375 (6th Cir. 2006).  A response brief is not a "pleading" as defined under Rule 7(a) and is not subject to a motion to strike under Rule 12(f).  But even if it were, the language quoted from Trans Union's response is not objectionable.  The harshest language is the criticism that moving to strike boilerplate language is "dumb," but that is a quotation drawn from an opinion in another case.  This motion is also **DENIED**.

The Court **WARNS** Lopez that his motions violated Federal Rule of Civil Procedure 11(b).  The motions are frivolous and wasted judicial resources.  If Lopez files another pleading, motion, or other paper that violates Rule 11, he will face sanctions under Rule 11 or the Court's inherent authority, and those sanctions may include the award of defendants' attorney fees or involuntary dismissal of his complaint.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 17, 2025

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 17, 2025.

s/Davon Allen<br>
DAVON ALLEN<br>
Case Manager