UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SOTERO MONTELLANO LOPEZ III,<br><br>                Plaintiff,<br><br>v.<br><br>TRANS UNION LLC, *et al*.,<br><br>                Defendants. | Case No. 25-12733<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL
(ECF NO. 31)**

Defendants Trans Union LLC and Experian Information Solutions, Inc. removed this action from Wayne County Circuit Court under 28 U.S.C. §§ 1441 and 1446, claiming subject-matter jurisdiction under 28 U.S.C. § 1331. ECF No. 1, PageID.2, 79. The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 8. Plaintiff Sotero Montellano Lopez III moves for Judge Stafford to recuse herself under 28 U.S.C. § 455. ECF No. 31.

Lopez's motion for recusal lacks merit. A judge is presumed to be impartial, and a party moving for recusal bears the burden of showing that the judge should be disqualified. *Scott v. Metro Health Corp.*, 234 F. App'x

341, 352 (6th Cir. 2001); *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016).  To sustain that burden, a party alleging bias or prejudice must file "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  U.S.C. § 144.

Recusal is an objective standard and is not based on the subjective viewpoint of the party.  *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989).  Disqualification is required "[w]here [a Judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  A judge is not disqualified when the alleged bias emanates from the proceeding themselves.  *Wheeler,* 875 F.2d at 1252.  Thus, the "critical test is whether the alleged bias 'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'"  *Id.* (quoting *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1965)).

Lopez argues that the Court is biased because it adopted allegedly offensive descriptions of his filings contained in Trans Union's filings, misapplied the law, did not accord Lopez adequate latitude as a pro se litigant, and adopted a hostile tone in warning Lopez that he may face

2

sanctions if he filed more frivolous motions.  ECF No. 31, PageID.386, 387-388, 414-415.  The Court did not "adopt" Trans Union's characterizations of Lopez's filings but merely repeated them in analyzing the merits of Lopez's motion to strike those statements.  ECF No. 30, PageID.382-383.  Lopez's remaining allegations voice his disagreement with the Court's orders and thus emanate from the proceedings themselves and do not support recusal.  *See Wheeler,* 875 F.2d at 1252.

The Court thus **DENIES** Lopez's motion for recusal.

                                        s/Elizabeth A. Stafford
                                        ELIZABETH A. STAFFORD
Dated: October 24, 2025         United States Magistrate Judge

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

3

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 24, 2025.

                                          s/Davon Allen
                                          DAVON ALLEN
                                          Case Manager