UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SOTERO MONTELLANO LOPEZ III,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>TRANS UNION LLC, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 25-cv-12733<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER ABOUT SERVICE**
**(ECF NOS. 45, 47)**

---

Defendant Trans Union LLC removed this action from Wayne County Circuit Court under 28 U.S.C. §§ 1441 and 1446, claiming subject-matter jurisdiction under 28 U.S.C. § 1331.  ECF No. 1.  The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 11.

Plaintiff Sotero Montellano Lopez III moves for more time to serve Defendant Equifax Information Services LLC and for alternate service. ECF No. 45; ECF No. 47.  The Court **GRANTS** Lopez's motion for more time and **DENIES WITHOUT PREJUDICE** his motion for alternate service.

Federal Rule of Civil Procedure 4(m) permits plaintiffs 90 days after the complaint is filed to serve defendants. If service is not completed within that timeframe, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P 4(m). But the rule also states that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Lopez filed the complaint on August 29, 2025, and the 90-day service window lapsed on November 28, 2025. As explained in a previous order, Rule 4(h) and state-law methods of service required Lopez to personally serve Equifax's agent. ECF No. 20. Lopez states that he has located Equifax's registered agent, CSC Lawyers Incorporating Service, at an address in Lansing, Michigan. ECF No. 45, PageID.1979. This information appears to be accurate.[1] But Lopez states that scheduling and travel constraints have prevented him from coordinating with a process server. *Id.*

---

[1] The Court verified Equifax's registered agent name and address on Michigan's Department of Licensing & Regulatory Affairs business entity search. *See* https://mibusinessregistry.lara.state.mi.us/search/business (last visited December 1, 2025).

Because Lopez has offered good cause, the Court **GRANTS** his motion for more time to serve Equifax.  Lopez must serve Equifax by **December 29, 2025**.

Lopez also moves for alternate service.  Under Federal Rule of Civil Procedure 4(h), a plaintiff must serve a corporation:

> (A)  in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B)  by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Rule 4(h)(1)(b) "authorizes service of process by mailing *and* personally serving a copy of the summons and complaint."  *Lu v. SAP Am., Inc.*, No. 22-1253, 2022 WL 13983546, at *4 (6th Cir. Oct. 24, 2022).

Rule 4(e)(1) authorizes service by following state-law service methods in the state where the district court is located or where service is made.  In Michigan, a plaintiff may serve a corporation by:

> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation.

3

> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if: (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law; (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or (c) the corporation's term of existence has expired.

Mich. Ct. R. 2.105(D). "Read in its entirety, Rule 2.105(D) makes clear that 'serving' is not synonymous with 'sending' by mail." *Lu*, 2022 WL 13983546, at *4. Thus, subsections 1 through 3 are not satisfied without personal service. *Id.* If a plaintiff shows that "service of process cannot reasonably be made," courts may authorize service in another manner "reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(I)(1).

Lopez has not shown that service cannot reasonably be made at CSC's address in Lansing. Although he states in his motion that multiple attempts to personally serve CSC had been made, he does not describe when those attempts were made or why they were unsuccessful. *See* ECF No. 47, PageID.1987-1988. Lopez's exhibits include only a return receipt

4

and tracking information showing a postal delivery from Lopez to Equifax's address in Atlanta, Georgia.  *Id.*, PageID.1991-1993.  But Lopez offers no documentation from a process server showing that attempts at personal service on Equifax's registered agent were unsuccessful.  Thus, he has not provided "sufficient facts" proving that personal service cannot be made on CSC.  *See Bridge Bus. Credit, LLC v. Larsen*, No. 24-11833, 2024 WL 4580391, at *2 (E.D. Mich. Aug. 6, 2024) (citing Mich. Ct. R. 2.105(I)(2); *Krueger v. Williams*, 300 N.W.2d 910, 916 (Mich. 1981)).

If Lopez tries to personally serve CSC and cannot do so, he may move again for alternate service—but he must support any motion with evidence showing that service could not be completed.  Thus, his motion for alternate service is **DENIED WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: December 4, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous

5

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

     The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 4, 2025.

                                            s/Davon Allen
                                            DAVON ALLEN
                                            Case Manager