UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SOTERO MONTELLANO LOPEZ III,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION LLC, *et al.*,<br><br>Defendants. | Case No. 25-cv-12733<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND
(ECF NO. 41)**

### I.   Introduction

Defendant Trans Union LLC, with Defendant Experian Information Solutions, Inc.'s consent, removed this action from Wayne County Circuit Court under 28 U.S.C. §§ 1441 and 1446, claiming subject-matter jurisdiction under 28 U.S.C. § 1331.  ECF No. 1.  The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 11.

The Court ordered the parties to show cause why the action should not be dismissed or remanded for lack of subject-matter jurisdiction

because Plaintiff Sotero Montellano Lopez III failed to state a plausible federal claim.  ECF No. 33.  Lopez moves for leave to amend his complaint, and neither Trans Union nor Experian have opposed the motion.  ECF No. 41.  The Court **GRANTS IN PART AND DENIES IN PART** Lopez's motion.

## II.     Analysis

### A.

Federal Rule of Civil Procedure 15(a)(2) states that leave to amend should be freely given "when justice so requires."  But a motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (cleaned up).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court

explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief.

*Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

**B.**

The amended complaint alleges that Trans Union and Experian reported Lopez's bankruptcy under the name "Sotero Lopez" rather than "Sotero Montellano Lopez III." ECF No. 41, PageID.1703. This alleged inaccuracy caused the bankruptcy to be reported on the credit reports of Sotero Lopez II and Sotero Lopez Sr., Lopez's father and grandfather, respectively. *Id.* Defendant Equifax Information Services LLC allegedly reported no bankruptcy at all. *Id.*

Lopez claims that he filed complaints with the Consumer Financial Protection Bureau, which forwarded the disputes to defendants. *Id.*, PageID.1704. But defendants allegedly failed to investigate or correct the inaccuracies. *Id.* Lopez claims that he has been denied loans from three lenders because of the inaccuracies. *Id.* He asserts three claims for violations of the Fair Credit Reporting Act and one claim for violation of Michigan's Consumer Protection Act. *Id.*, PageID.1704-1707.

The amended complaint excludes much of the "legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" that the Court noted in it's order to show

4

cause was "nothing more than a nullity."  See ECF No. 33, PageID.430 (quoting *Brown v. Hangley*, No. 23-CV-1265, 2023 WL 5153513, at *2 n.4 (E.D. Pa. Aug. 10, 2023)) (cleaned up).  Instead, the amended complaint sets out Lopez's claims in an understandable way.  And defendants filed no opposition to the motion to amend nor argued that the claims are futile.  Thus, the Court grants Lopez's motion to amend and accepted in part the amended complaint at ECF No. 41, PageID.1702-1711, as the operative complaint.

Section V of the amended complaint, entitled "Alternative Settlement Tender Notice," discusses Lopez's attempts to settle the dispute via a bill of exchange, promissory note, security agreement, and financing statement. *Id.*, PageID.1707-1709.  The section also references reservations of rights under the Uniform Commercial Code (UCC) and includes other rhetoric characteristic of the sovereign citizen movement.  *Id.*; *see Davis v. Heaton*, No. 1:24-cv-1050, 2025 WL 2412452, at *3 (W.D. Mich. July 30, 2025) ("The inclusion of 'UCC 1-308' and similar disclaimers 'is a frequent and common tactic by those who adhere to the sovereign citizen movement.'").

The final paragraph of Section VII, "Relief Requested," also references a UCC financing statement as evidence of mitigation and settlement efforts.  ECF No. 41, PageID.1710.  That paragraph and Section

5

V neither advance claims for relief nor supply factual allegations supporting Lopez's claims. Thus, these portions are excluded from the amended complaint.

Last, subsection (f) of Section VII requests leave to issue discovery subpoenas to third parties. *Id.* This discovery request must be made as permitted under Rules 26 through 37 and Rule 45.[1] It is thus improperly advanced in the amended complaint and is also excluded.

### III. Conclusion

The Court **GRANTS IN PART AND DENIES IN PART** Lopez's motion to amend (ECF No. 41). The Court accepts in part Lopez's amended complaint as the new operative complaint, excluding:

- Section V (ECF No. 41, PageID.1707-1709);
- The last paragraph of Section VII (ECF No. 41, PageID.1710); and
- Subsection (f) of Section VII (ECF No. 41, PageID.1710).

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

---

[1] Except in limited circumstances inapplicable here, discovery is premature until the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d)(1).

Dated: December 8, 2025

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 8, 2025.

                                            s/Davon Allen
                                            DAVON ALLEN
                                            Case Manager