UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| SOTERO MONTELLANO LOPEZ III,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION LLC, *et al.*,<br><br>Defendant. | Case No. 25-cv-12733<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING DEFENDANTS'
JOINT MOTION TO STAY DISCOVERY
(ECF NOS. 68)**

Plaintiff Montellano Lopez III, proceeding pro se, sues Defendants

Trans Union LLC; Experian Information Solutions, Inc.; and Equifax

Information Services LLC, asserting claims under the Fair Credit Reporting

Act and Michigan's Consumer Protection Act.  ECF No. 41, PageID.1704-

1707; ECF No. 49.  The Honorable Matthew F. Leitman referred the case

to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).

ECF No. 11.

Defendants move to stay discovery pending resolution of their joint

motion for judgment on the pleadings under Federal Rule of Civil

Procedure 12(c).  ECF No. 68.  "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."  *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).  When deciding a motion to stay, "courts consider three factors: '(1) whether a stay will simplify the issues in the case or conserve judicial resources; (2) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (3) whether discovery is complete and when (or whether) a trial date has been set.'"  *Parker v. Lee*, No. 23-11684, 2025 WL 2803822, at *1 (E.D. Mich. Oct. 1, 2025) (quoting *Moore v. Auto Club Servs.*, No. 19-10403, 2022 WL 16536216, at *2 (E.D. Mich. Oct. 28, 2022)).

Staying discovery would simplify the issues and conserve judicial resources.  Defendants moved for judgment on the pleadings, arguing that Lopez has failed to assert viable claims under the FCRA.  If that motion is granted, Lopez's claims would be dismissed and discovery would be unnecessary.  Granting a stay pending resolution of that motion would also conserve judicial resources by avoiding discovery disputes that may ultimately prove moot if the dispositive motion is granted.  *See id.*, at *2 (granting a motion to stay discovery pending resolution of a Rule 12(c) motion because the motion, if granted, would narrow the scope of

2

discovery, and because a stay would "prevent possible discovery motions regarding Defendants that may be dismissed and avoid piecemeal discovery efforts").

Lopez contends that a stay is improper because the case presents questions of fact requiring discovery.  ECF No. 70.  But Lopez does not claim that resolution of defendants' dispositive motion rests on any issues requiring discovery.  Nor could he.  Defendants' motion challenges the adequacy of the *pleadings* and does not introduce outside evidence.  ECF No. 66; *see Whitman v. Tucker*, 779 F. App'x 336, 339 (6th Cir. 2019) (in deciding a Rule 12(c) motion, courts accept the complaint's factual allegations as true to determine whether the plaintiff is entitled to relief). And "[i]f any issue of material fact cannot be resolved on the pleadings," the Court must deny defendants' motion and permit discovery.  *See Haeberle v. Univ. of Louisville*, 90 F. App'x 895, 903 (6th Cir. 2004) (Gwin, J., concurring in part).

Lopez expresses concern that a delay in discovery may result in destruction of evidence under defendants' retention policies.  ECF No. 70, PageID.2141-2142.  These concerns are speculative.  Lopez admits that the discovery he seeks is "exclusively" in defendants' possession.  *Id.*, PageID.2141.  Defendants are "under an ongoing duty to preserve

3

evidence which [they know] or reasonably should know is relevant to this action." *Floyd v. 24 Hour Fitness USA, LLC*, No. 23-cv-00871, 2024 WL 710617, at *3 (N.D. Cal. Feb. 21, 2024); *see also Hubbuch v. Capital One, N.A.*, No. 25-CV-406, 2025 WL 2161238, at *1-2 (S.D.N.Y. Feb. 3, 2025) (rejecting argument that early discovery was warranted to preserve critical evidence as "entirely conclusory and speculative," given the defendant's obligation to preserve evidence).  And Lopez offers no support for his assertion that defendants will spoliate evidence.  Lopez thus identifies no prejudice resulting from a stay.

Anticipating defendants' dispositive motion, the Court also imposed no discovery deadlines beyond that for initial disclosures.  ECF No. 63.  With discovery not yet fully underway, a stay will not unduly delay the schedule.  Thus, the Court **GRANTS** defendants' motion (ECF No. 68) and **STAYS** discovery pending resolution of their dispositive motion.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 28, 2026

4

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager